

**David Alan Morgensen**
c/o 375 Woodland Drive
**Scotts Valley, California 95066**

**Phone 408-466-9311**
**No Fax**

**In Pro Se**

Filed

E-filing   MAY 04 2015
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

ADR

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

**David Alan Morgensen, an individual**

**Plaintiff,**

vs.

**Oregon**

**DOWNEY SAVINGS AND LOAN
ASSOCIATION, FA, A
CALIFORNIA CORPORATION,
U.S. BANK OF CALIFORNIA, AN
OREGON CORPORATION,
GREENWICH CAPITAL
FINANCIAL, INC., A DELEWARE
CORPORATION,
CENTRAL MORTGAGE
COMPANY, DBA CENTRAL**

) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) 0 ) ) ) ) )

**CV 15 02000**

**HRL**

Case No.

**VERIFIED ACTION-AT-LAW
FOR DAMAGES RELATED TO A
VOID FORECLOSURE PROCESS
AND RELATED INJURIES
1) BREACH OF COVENANT OF
GOOD FAITH AND FAIR
DEALINGS;
2) FORGERY AND FRAUD
3)INTENTIONAL
MISREPRESENTATION
4) TO SET ASIDE A VOID
WRONGFUL FORECLOSURE
PROCESS
5). DECLARATORY RELIEF**

**6) QUIET TITLE AGAINST ALL
NAMED DEFENDANTS AND IN
FAVOR OF PLANITIFF David Alan
Morgensen**

**MORTGAGE SERVICING COMPANY, and DOES 1 through 10 inclusively;**

           **Defendants.**

)
)
)
)
)
)
)
)

**SEVENTH AMENDMENT TRIAL BY JURY DEMANDED**

1.    Plaintiff, David Alan Morgensen (Hereinafter, "Plaintiff Morgensen") makes the following Declarations in support of this ACTION-AT-LAW.

## JURISDICTION

2.    Competent Jurisdiction for this United States District Court Action is found in the Constitution for the United States of America, its Supremacy Clause found at Article VI, Paragraph 2, its First, Fourth, Fifth and Seventh Amendments, the 1848 International Treaty of Guadalupe Hidalgo and its Protocol of Queretaro, the United States Land Patent Laws, the Congressional Township Survey Laws, and the UNIFORM COMMERCIAL CODE, along with FASB (Financial Accounting Standards Board) part of GAAP (Generally Accepted Accounting Principles) FAS 5, 95, 125, 133, and 140, along with Regulation Z, and 12 CFR 226.23, and15 USC 78c (10) and UCC 8-102, and the Fair Debt Collection Practices Act, and Title 12 USC 248 and 347, and USC Title 5, and the S3-A Registration Statement, and the 424 B's – five prospectus (security filing), and the RC C, RC Q and RC S Call Schedules.

## PARTIES AND VENUE

3.    Plaintiff Morgensen, at all material times mentioned in this ACTION-AT-LAW, lived in Santa Cruz County, State of California.

4.    At all relevant times Defendant DOWNEY SAVINGS AND LOAN ASSOCIATION, FA, was the alleged original lender, a company who had other transactions in the State of California, including Santa Cruz County under other names, through their named co-Defendants and/or through its affiliates.

5.    At all relevant times Defendants, U.S. BANK OF CALIFORNIA, GREENWICH CAPITAL FINANCIAL, INC., CENTRAL MORTGAGE COMPANY, DBA

2

VERIFIED ACTION-AT-LAW FOR DAMAGES RELATED TO A VOID FORECLOSURE PROCESS AND RELATED INJURIES 1) BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALINGS; 2) FORGERY AND FRAUD 3)INTENTIONAL MISREPRESENTATION 4) TO SET ASIDE A VOID WRONGFUL FORECLOSURE PROCESS 5). DECLARATORY RELIEF 6) QUIET TITLE AGAINST ALL NAMED DEFENDANTS AND IN FAVOR OF PLANITIFF David Alan Morgensen

CENTRAL MORTGAGE SERVICING COMPANY. (Hereinafter "Defendants") are Third Party Debt Collectors, companies that have conducted transactions in the State of California, including Santa Cruz County under other names, through their named Co-Defendants and /or through its affiliates.

6.   Agency/Co-Conspirator Status, Etc. Plaintiff Morgensen is informed and believes, and thereon alleges, that at all time mentioned herein, each of the herein described Co-Defendants, were at all times herein mentioned, acting within the course, scope, purpose, consent, knowledge, ratification, and authorization of such agency, employment, joint venture and conspiracy.

7.   Regarding Doe Defendants, Plaintiff Morgensen does not know the true names and capacities, whether individual, corporation, associate or otherwise, of allege Authorized or unauthorized signers of legally recorded and/or unrecorded documents of Defendants sued therein as Does 1 through 10 Inclusive. Plaintiff Morgensen will seek leave of court to amend this ACTION-AT-LAW to allege such names and capacity as soon as they are ascertained. Plaintiff Morgensen is informed and believes and thereon alleges that each of these factiously named individuals signed legal documents known as Robo-Signers, Un-Authorized Signers, or Criminal Foragers for the Defendants and are responsible in some manner for the occurrences alleged in this ACTION-AT-LAW, and that Plaintiff Morgensen's injuries and related damages alleged and set forth in this ACTION-AT-LAW were proximately caused by such fictitiously named Defendants.

8.   Agency Status of Co-Defendants, Each of the Co-Defendants, whether specifically named as DOE was, at all times therein mentioned, the agent, servant, employee, partner, franchisee and/or joint venture of each of the other Co-Defendants, and at all times was acting within the course and scope of said agency, service, employment, partnership, franchise and/or joint venture.

9.   In committing the acts alleged in this ACTION-AT-LAW, each named Defendant was the agent/employee of each other and that the Defendants were all acting in the scope of that agency and capacity. The Defendant's identified above shall be

referred to collectively as "Defendants". Whenever the reference is made in this ACTION-AT-LAW to any act of any Defendant(s), the allegations shall mean that each Defendant acted individually and jointly with the other Defendants.

10.    At all relevant times, the named Defendants have engaged in a conspiracy, common enterprise and common course of conduct, the purpose of which was and is to engage in violations of the law as alleged in this ACTION-AT-LAW. This conspiracy, common enterprise and common course of conduct continues to present date against Plaintiff Morgensen, as well as the public as a whole.

11.    The violations of law alleged in this ACTION-AT-LAW occurred in Santa Cruz County and elsewhere throughout the State of California and the United States. Venue in this Court is proper because the acts complains of herein occurred within this judicial district and all acts which are complained of herein were performed by each of the named Defendants within this judicial district.

## VENUE

12.    The following acts were committed within this Venue:

    a.    Breach of the Covenant of Good Faith and Fair Dealings;

    b.    FORGERY and FRAUD.

    c.    Intentional Misrepresentation.

    d.    Unlawful Assignments

## AS TO FORM

13.    While Plaintiff Morgensen has attempted to draft, file, and serve this ACTION-AT-LAW according to his best knowledge, information, and belief the format he has used is protected by the American Law of the Land, and its Common-Law and American Jurisprudence, and he sincerely believes that he can justifiably rely, if necessary, on the old MAXIM that clearly states: **"Substance is more important than Form,"** and he also believes that he can also justifiably rely on the UNITED STATES SUPREME COURT Case, entitled, <u>Haines v. Kerner,</u> 1972, 404 U.S. 519, 30.L. Ed.

4
VERIFIED ACTION-AT-LAW FOR DAMAGES RELATED TO A VOID FORECLOSURE PROCESS AND RELATED INJURIES
1) BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALINGS; 2) FORGERY AND FRAUD 3)INTENTIONAL
MISREPRESENTATION 4) TO SET ASIDE A VOID WRONGFUL FORECLOSURE PROCESS 5). DECLARATORY RELIEF 6)
QUIET TITLE AGAINST ALL NAMED DEFENDANTS AND IN FAVOR OF PLANITIFF David Alan Morgensen

2d 652, 92 S. Ct, 594, 496, Reh. Den., 405 U.S. 948, 30 L. Ed. 2d 918, 92 S, Ct, 963, which clearly states, to wit:

"<u>Pro Se complaints are held to less stringent standards than formal pleadings by lawyers</u>, and regardless of who represents the Plaintiffs a motion to dismiss is not to be granted unless it appears beyond doubt that the Plaintiff can prove no set of facts which would entitle them to relief."

14.     Plaintiff Morgensen sincerely believes that this Honorable Court cannot overturn or ignore Haines V. Kerner cited above with local Rules.

## VERIFIED ACTION-AT-LAW
## FOR A VOID FORECLOSURE PROCESS AND DAMAGES
## GOOD-FAITH INTENT

15.     It is the good-faith intent of Plaintiff Morgensen to invoke the American Law of the Land, Common-Law/At-Law, Constitutional "Court of Record," jurisdiction of this Honorable UNITED STATES DISTRICT COURT, under the Article III jurisdiction of the ORIGINAL 1787 A.D. Constitution for the United States of America.

16.     It is also the good faith intent of Plaintiff Morgensen to Demand AND obtain a constitutionally valid, Seventh Amendment, Common-Law/At-Law, Trial <u>BY</u> a Jury of his land owner peers pursuant to the mandates of the ORIGINAL (never amended) 1791 A.D. Seventh Amendment to the 1787 A.D. Constitution for the United States of America, wherein the jury judges BOTH the Law(s) AND the Fact(s) as the last in the American system of legislative checks and balances, and wherein the judge merely sits and maintains the proper procedure and order. If this Honorable Court IS NOT such a Court of Record, but merely a federal, corporate, Administrative-Law Tribunal, (ALT) Respectful Demand is hereby made for this Honorable Court or Tribunal as the case may be, to transfer the instant ACTION-AT-LAW, to such an intended and required Article III Court of Record.

VERIFIED ACTION-AT-LAW FOR DAMAGES RELATED TO A VOID FORECLOSURE PROCESS AND RELATED INJURIES 1) BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALINGS; 2) FORGERY AND FRAUD 3)INTENTIONAL MISREPRESENTATION 4) TO SET ASIDE A VOID WRONGFUL FORECLOSURE PROCESS 5). DECLARATORY RELIEF 6) QUIET TITLE AGAINST ALL NAMED DEFENDANTS AND IN FAVOR OF PLANITIFF David Alan Morgensen

## ABUSES IN MORTGAGE FORECLOSURES

17.    Years of abuses in mortgage foreclosure process have been documented in previous decisions of the Court. In re Foreclosure Cases, 2007 WL 3232430 (N.D. Ohio October 31, 2007), Judge Boyko found the foreclosure process was "*a quasi-monopolistic system*" in which financial institutions, "*unchallenged by underfinanced opponents*," disregard the requirements of the judicial process and instead "*rush to foreclose*, obtain a default judgment and then sit on the deed, avoiding responsibility for maintaining the property while reaping the benefits of interest running on the judgment."

## BANK LAWS DO NOT APPLY IN THE CALIFORNIA COURTS

18.    *18 U.S.C. § 1002: US Code - Section 1002*: **Possession of false papers to defraud United States - Whoever, knowingly and with intent to defraud the United States, or any agency thereof, possesses any false, altered, forged, or counterfeited writing or document for the purpose of enabling another to obtain from the United States, or from any agency, officer or agent thereof, any sum of money, shall be fined under this title or imprisoned not more than five years, or both."**

## NEWLY DISCOVERED MATERIAL INFORMATION

19.    Plaintiff Morgensen has recently learned that original alleged lender, Defendant DOWNEY SAVINGS AND LOAN ASSOCIATION, FA, while advertising they had money to lend, actually had absolutely no money to lend, as American Law and Jurisprudence forbad them from lending investors' money, depositors' money, or from a pool of loan money. The money that actually funded the subject Mortgage later DID NOT EXIST anywhere in the universe before Plaintiff Morgensen submitted his application for the subject Mortgage. It appears that Defendant DOWNEY SAVINGS AND LOAN ASSOCIATION, FA, thereafter "*CREATED*," what is referred to by the FEDERAL RESERVE as "new money," (NOT vapor money) by monetizing Plaintiff Morgensen's autograph, first on his Loan Application, and then again on his Promissory

VERIFIED ACTION-AT-LAW FOR DAMAGES RELATED TO A VOID FORECLOSURE PROCESS AND RELATED INJURIES 1) BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALINGS; 2) FORGERY AND FRAUD 3)INTENTIONAL MISREPRESENTATION 4) TO SET ASIDE A VOID WRONGFUL FORECLOSURE PROCESS 5). DECLARATORY RELIEF 6) QUIET TITLE AGAINST ALL NAMED DEFENDANTS AND IN FAVOR OF PLANITIFF David Alan Morgensen

Note. In other words, Plaintiff Morgensen himself funded the subject loan <u>with procedures associated with his own autograph</u>.

20.    At this late date, what Plaintiff Morgensen did or did not do is irrelevant and immaterial to the actual material issues to be adjudicated by the instant ACTION-AT-LAW.

21.    The relevant and material issues to be adjudicated herein are what the named Defendants either did, or failed, refused, or neglected to do pursuant to the mandates of <u>well-settled</u> 140+ year old American Law and Jurisprudence. (See CARPENTER V. LONGAN, 83 U.S. 271 (1872) So says the United States Supreme Court.

22.    As will be presented hereinafter, it appears that at some point, to be specifically discovered through COURT DISCOVERY, Plaintiff Morgensen's ORIGINAL Promissory Note was separated from, or hypothecated, and then FOREVER securitized, *into a tradable stock*, with such separation rendering the ORIGINAL Deed of Trust completely invalid and "void, ab initio", as it relates to the ORIGINAL Promissory Note, or to any foreclosure possibility. (AGAIN, See CARPENTER V. LONGAN, 83 U.S. 271 (1872),

23.    Officers, agents, or employees, of Defendant DOWNEY SAVINGS AND LOAN ASSOCIATION, FA, and/or their Co-conspirator Defendants, also violated FASB # 95, page 63, footnote 1, in that upon receipt of Plaintiff Morgensen's autographed ORIGINAL Promissory Note, they deposited it into an asset deposit account identified as DSLA MORTGAGE LOAN TRUST 2005-AR3, and then use said deposit to fund the subject alleged REFI.

"**A deposit created through lending is a debt that has to be paid on demand of the depositor, just the same as the debt arising from a customer deposit of checks or currency in the bank**" (FEDERAL RESERVE Bank of Chicago, *Two Faces of Debt*, page 19),

24.    The above-quote simply means that the allege debt creating lender, Defendant DOWNEY SAVINGS AND LOAN ASSOCIATION, FA, and/or their Co-conspirator

VERIFIED ACTION-AT-LAW FOR DAMAGES RELATED TO A VOID FORECLOSURE PROCESS AND RELATED INJURIES
1) BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALINGS; 2) FORGERY AND FRAUD 3)INTENTIONAL
MISREPRESENTATION 4) TO SET ASIDE A VOID WRONGFUL FORECLOSURE PROCESS 5). DECLARATORY RELIEF 6)
QUIET TITLE AGAINST ALL NAMED DEFENDANTS AND IN FAVOR OF PLANITIFF David Alan Morgensen

Defendants, owed and still owes the borrower for the deposits made in connection with mortgage loans and credit card transactions. If the lender does not repay "**a deposit created through lending,**" it would be in violation of the FEDERAL RESERVES policies and procedures (FEDERAL RESERVE Bank of Chicago, *Modern Money Mechanics*, page 6, and *Two Faces of Debt*, pages 17 and 19" when the lender does not repay upon demand. The progress made by the borrower, shows that the policy and intent of the alleged lender was to deny equal protection of the law and credit to the borrower. If the substance of the loan agreement does not match the written form of the agreement, it significantly changes the cost and the risk of the written agreement. The lender did not put one cent at risk with the alleged loan, <u>which in reality turned out to be a loan from the borrower to the lender,</u> which was an unconscionable contract, as well as invalid for fraud.

25.     Officers, agents, or employees, of Defendant DOWNEY SAVINGS AND LOAN ASSOCIATION, FA, and/or their co-conspirator Defendants also violated the National Currency Act, Section 27 when someone there countersigned the ORIGINAL Promissory Note and transferred it to a third-party, which act is punishable by a fine of double to amount of the subject Promissory Note and up to 15 years in prison:

> **And be it further enacted, that <u>it shall be unlawful for any officer acting under the provisions of this act to countersign or delivered to any Association, or to any other company or person, any circulating notes contemplated by this act,</u> except as herein before provided and in accordance with the true intent and meaning of this act. And any officer who shall violate the provision of this section shall be deemed guilty of a high misdemeanor, and on conviction thereof shall be punished by a fine not exceeding double the amount so countersigned and delivered, and imprisoned not less than one year and not exceeding 15 years, at the discretion of the court in which he shall be tried.** (Emphasis added)

26.     And, under 15 USC 78c (10), Plaintiff Morgensen's ORIGINAL Promissory Note is now actually a security. A Promissory Note is only good for a nine-month

period. Defendant DOWNEY SAVINGS AND LOAN ASSOCIATION, FA, and/or its Co-conspirator Defendants, sold or otherwise transferred Plaintiff Morgensen's unregistered security without his permission or knowledge, which is in violation of Regulation Z for failure to disclose. Such action was also a violation of 12 CFR 226.23, Plaintiff Morgensen's right to rescind, as stipulated in appendix H, which applies due to the various items of constructive fraud. Plaintiff Mogensen herby demands that the subject alleged loan be rescinded due to the above-mentioned fraud.

27.    Also under the tenets of UCC 8-102, Plaintiff Morgensen is to be the actual Holder In Due Course of his ORIGINAL Promissory Note, and not any bank/lender or servicing agent. The funding source very implicitly belongs to the signer/maker of the subject Promissory Note.

28.    In addition there have been material alterations to Plaintiff Morgensen's ORIGINAL "contract", which are more reasons to rescind the agreement. Plaintiff Morgensen now herein officially rescinds that specific agreement/contract for the constructive fraud just discovered.

**"Silence can only be equated with fraud when there is a legal or moral duty to speak, or when an inquiry left unanswered would be intentionally misleading... We cannot condone this shocking conduct. If this is the case we hope our message is clear. This sort of deception will not be tolerated <u>and if this is routine and should be corrected immediately</u>."** US v. Tweel, 550 F2d 297, 299 – 300. (Emphasis added)

29.    Pursuant to the Fair Debt Collection Practices Act, Plaintiff Morgensen respectfully Demands the Defendants to place into the record of this case:

a.    The ORIGINAL Promissory Note with wet ink autograph, the title page to the subject Promissory Note and all of allonges which will show its history.

b.    The Currency Trace regarding the alleged loan; If there was a loan, there will be a Currency Trace.

VERIFIED ACTION-AT-LAW FOR DAMAGES RELATED TO A VOID FORECLOSURE PROCESS AND RELATED INJURIES 1) BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALINGS; 2) FORGERY AND FRAUD 3)INTENTIONAL MISREPRESENTATION 4) TO SET ASIDE A VOID WRONGFUL FORECLOSURE PROCESS 5). DECLARATORY RELIEF 6) QUIET TITLE AGAINST ALL NAMED DEFENDANTS AND IN FAVOR OF PLANITIFF David Alan Morgensen

c.   The required 2046 Balance Sheet as it relates to the ORIGINAL alleged loan… Showing the Defendant DOWNEY SAVINGS AND LOAN ASSOCIATION, FA'S, and their Co-conspirator Defendants ledgering of the account.

d.   The Off-Balance-Sheet entry and extinguishment of the loan. This Form is a mandatory filing pursuant to Title 12 USC 248 and 347. It contains an OMB number, and disclosure is mandatory under USC title 5, and will show that the lender owes the borrower the amount of the ORIGINAL Promissory Note as it is a liability/Accounts Payable as DOWNEY SAVINGS AND LOAN ASSOCIATION, FA, and their Co-conspirator Defendants is concerned.

e.   The required 1099 OID and 1099 Forms from all named Defendants will identify where the alleged principal was from, which capital and interest was taken, and who the recipient or payer of the funds were, and who is holding the account in escrow, unadjusted.

f.   S3-A Registration Statement: showing when and where the instrument was sold or transferred They can't claim a "lost" note.

g.   424 B's – five prospectus (security filing).

h.   RC C, RC Q and RC S Call Schedules covering the period of the origination of this alleged loan which will show there was no loan.

i.   FASB (Financial Accounting Standards Board) part of GAAP (Generally Accepted Accounting Principles) FAS 5, 95, 125, 133, and 140. These will direct the auditor to the liability side of DOWNEY SAVINGS AND LOAN ASSOCIATION, FA'S and their Co-conspirator Defendants books which will also create a trail of exactly where the alleged money came from and where it went.

j.   A certified copy of the **bond** which DOWNEY SAVINGS AND LOAN ASSOCIATION, FA'S and their Co-conspirator Defendants purchased to insure the alleged "loan," and copies of any related payments made to date.

VERIFIED ACTION-AT-LAW FOR DAMAGES RELATED TO A VOID FORECLOSURE PROCESS AND RELATED INJURIES
1) BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALINGS; 2) FORGERY AND FRAUD 3)INTENTIONAL
MISREPRESENTATION 4) TO SET ASIDE A VOID WRONGFUL FORECLOSURE PROCESS 5). DECLARATORY RELIEF 6)
QUIET TITLE AGAINST ALL NAMED DEFENDANTS AND IN FAVOR OF PLANITIFF David Alan Morgensen

30.    The above-mentioned alleged actions and/or inactions by DOWNEY SAVINGS AND LOAN ASSOCIATION, FA'S and their Co-conspirator Defendants therefore totally and completely removed the subject ORIGINAL Deed of Trust as a "security," that can be Foreclosed upon, pursuant to well-settled American Law and Jurisprudence presented herein. The above-mentioned Defendant activity was and is criminal in nature pursuant to the above-mentioned laws and regulations as such require and mandate that an ORIGINAL Promissory Note *that is securitized into a stock* to be FOREVER destroyed. (See FAS 140.)

### TO DEFENDANTS AND DEFENDANTS' ATTORNEYS
### FRAUD UPON THE COURTS

**"A judge is an officer of the court, as well as are all attorneys. A state judge is a state judicial officer, paid by the State to act impartially and lawfully. A federal judge is a federal judicial officer, paid by the federal government to act impartially and lawfully. State and federal attorneys fall into the same general category and must meet the same requirements. A judge is not the court."** *People v. Zajic*, *88 Ill.App.3d 477, 410 N.E.2d 626 (1980).*

**"Whenever any officer of the court commits fraud during a proceeding in the court, he/she is engaged in "fraud upon the court".** *In Bulloch v. United States, 763 F.2d 1115, 1121 (10th Cir. 1985),* **the court stated "Fraud upon the court is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury. It is where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function thus where the impartial functions of the court have been directly corrupted."**

**"Fraud upon the court"** has been defined by the 7th Circuit Court of Appeals **"to embrace that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication."** *Kenner v. C.I.R., 387 F.3d 689 (1968); 7 Moore's Federal Practice, 2d ed., p. 512, ¶ 60.23.* The 7th

Circuit further stated **"a decision produced by fraud upon the court is not in essence a decision at all, and never becomes final.**

## GENERAL ALLEGATIONS

31.     The private land and house which is the subject of this transaction is situated in the Santa Cruz County, State of California and is more commonly known as 375 Woodland Drive, Scotts Valley, California 95066 which is suffering from a VOID, NOT "voidable" (a legal distinction being made) Foreclosure Process by the named Defendants U.S. BANK OF CALIFORNIA, GREENWICH CAPITAL FINANCIAL, INC., CENTRAL MORTGAGE COMPANY, DBA CENTRAL MORTGAGE SERVICING COMPANY.

32.     Defendants are alleging an outstanding debt by Plaintiff Morgensen. Defendants unambiguously claim of ownership of Plaintiff's private land and house. Defendants have **absolutely NO standing NOR can they produce AUTHENTIC, INDORSED**, Legal, Court Admissible Evidence to Foreclose. Foreclosure may be established by either an assignment or equitable transfer of the mortgage prior to commencing of the subject foreclosure activity.   Defendants have **FAILED** to do either one, therefore Defendants have **NO** beneficial interest or ownership in Plaintiff Morgensen's Title to his private land and house. There are fatal Assignment defects that cannot be corrected at this late date.

> **"A judgment of foreclosure and/order confirming the foreclosure sale vacated and the foreclosure action dismissed on the ground that Plaintiff bank did not *own the mortgage at the time the action was filed.*"** (Emphasis added) *Deutsche Bank National Trust Co. vs Gilbert, 2012 IL App (2d) 120164.*

> *"A party lacks standing to invoke the jurisdiction of a court unless he has, in an individual or a representative capacity, some real interest in the subject matter of an action."* It went on to hold, *"If Plaintiff has offered no evidence that it owned the note AND mortgage WHEN the Foreclosure was filed, it would not be entitled to judgment as a matter of law."* (Emphasis added)

VERIFIED ACTION-AT-LAW FOR DAMAGES RELATED TO A VOID FORECLOSURE PROCESS AND RELATED INJURIES 1) BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALINGS; 2) FORGERY AND FRAUD 3)INTENTIONAL MISREPRESENTATION 4) TO SET ASIDE A VOID WRONGFUL FORECLOSURE PROCESS 5). DECLARATORY RELIEF 6) QUIET TITLE AGAINST ALL NAMED DEFENDANTS AND IN FAVOR OF PLANITIFF David Alan Morgensen

33.     Defendants have attempted to induce Plaintiff Morgensen with VOID documents and with NO LAWFUL STANDING in order to proceed with a Fraudulent Foreclosure Sale. Defendants are preparing to induce this Honorable Courts with their Lawyering tactics in order to Fraudulently Foreclose on Plaintiff Morgensen's private land and house, and to thereby attempt to have this Honorable Court to become an accomplice to their criminal activities.

**DEFENDANTS ARE CLEARLY IN VIOLATION OF:**

**U.C.C. - ARTICLE 3 - NEGOTIABLE INSTRUMENTS, PART 2.
NEGOTIATION, TRANSFER, AND INDORSEMENT, § 3-203.
TRANSFER OF INSTRUMENT; RIGHTS ACQUIRED BY TRANSFER.**

*(a) An instrument is transferred when it is delivered by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument.*

*(b) Transfer of an instrument, whether or not the transfer is a negotiation, vests in the transferee any right of the transferor to enforce the instrument, including any right as a holder in due course, but the transferee cannot acquire rights of a holder in due course by a transfer, directly or indirectly, from a holder in due course if the transferee engaged in fraud or illegality affecting the instrument.*

*<u>(c) Unless otherwise agreed, if an instrument is transferred for value and the transferee does not become a holder because of lack of indorsement by the transferor, the transferee has a specifically enforceable right to the unqualified indorsement of the transferor, but negotiation of the instrument does not occur until the indorsement is made</u>.*

*<u>(d) If a transferor purports to transfer less than the entire instrument, negotiation of the instrument does not occur. The transferee obtains no rights under this Article and has only the rights of a partial assignee.</u>*

34.     Defendants Claims are an attempt to foreclose on Plaintiff Morgensen's private land and house under the circumstances of filing **VOID** and Fraudulent Documents (Assignments) which is an impermissibly collateral attack on the Plaintiff Morgensen and this Honorable Court and they have absolutely no SUPPORTING FACTS that

13

follow the letter of the law and therefore are not cognizable before this Honorable Court.

35.     Moreover Defendants cannot aver any facts to support their theory of having any beneficial rights to Defendant's ORIGINAL Promissory Note.

36.     Accordingly, Plaintiff Morgensen respectfully request that this Honorable Court Rule in Favor of Plaintiff's ACTION-AT-LAW in its Entirety.

37.     All of the Defendants' contentions on their Claims are utterly without merit and their entire Claims, are frivolous and designed solely to Fraudulently Foreclose on Plaintiff Morgensen's private land and house in their attempt to unjustly obtain a FREE HOUSE.

## LEGAL FACT of FORGERY and VOID DOCUMENTS

38.     It appears that counsel for the DEFENDANTS has attempted to mislead Plaintiff Morgensen with mere lawyering tactics that do not squarely face and address the material evidence and issues that are already in their own system of records.

39.     There is already material court admissible evidence in their own system of records that indicate major fraud, deceit, misrepresentation, and lack of full disclosure, specifically related to **VOID** assignments, and false agencies, that are directly associated with Criminal Forgeries by people with absolutely no personal knowledge, on documents purported to be knowingly, willingly, and intentionally signed by high lending institution authority. It is also alleged that these signatures have also been fraudulently notarized by pretend notaries, who have witnessed absolutely nothing. This has been accomplished for the sole purpose of creating a false public record supporting unjust enrichment to the opposition and to separate a family from their living quarters of many years. Now it appears that counsel for the opposition is ready to mislead this Honorable Court into becoming an accessory to the subject criminal activity.

40.     There is absolutely no court admissible evidence in the their system of records that would indicate that any of them are a true Holder In Due Course of BOTH the ORIGINAL Promissory Note, or Deed of Trust, *properly endorsed and properly*

*assigned*, that is in any way related to the subject private land and house, leaving the opposition with *absolutely no lawful standing* to be in this court, and rendering all of their paperwork an attempted fraud upon this Honorable court, and a sanctionable activity.

41.    Due to the above-mentioned lack of lawful standing, Plaintiff Morgensen respectfully requests this Honorable court to issue a QUIET TITLE against ALL named Defendants and in favor of David Alan Morgensen.

## MERS IS SOLELY JUST A NOMINEE WITH NO AUTHORITY TO TRANSFER PLAINTFF'S PROMISSORY NOTE AND BENEFICIAL INTEREST.

42.    Plaintiff entered into a Mortgage Agreement with DOWNEY SAVINGS AND LOAN ASSICIATION, FA., on or about 03/15/2005. DEFENDANT'S ALLEGED ASSIGNMENTS ARE VOID AND NOT VOIDABLE.

43.    Plaintiff Morgensen herein alleges, based upon information and belief, without confirming the existence or validity thereto, that any and all potentially alleged Debt, Loan, or Promissory Note, have been hypothecated from the "Security" Secured Instruments", and/or Deed of Trust as referenced herein, and has in fact been Sold, Assigned, and/or Transferred. The Selling, Assigning, and/or Transferring of such Debt, Loan and/or Promissory Note, without confirming any validity or existence thereto, was effectuated previously thereto, concurrently therewith, and/or subsequent to the execution, or creation making of any of the "Security, Secured Instruments, and/or Deed of Trust" as referenced herein, as follows: First from DOWNEY SAVINGS AND LOAN ASSICIATION, FA., A BUSINESS LOCATED IN THE STATE OF CALIFORNIA.

## THE ASSIGNMENT WAS VOID AB INITIO

44.    IT APPEARS THAT THE ALLEGED LENDER DOWNEY SAVINGS AND LOAN ASSOCIATION, FA, ILLEAGALLY TRANSFERED TO ANOTHER ENTITY ALSO LOCATED IN THE STATE OF CALIFORNIA.

VERIFIED ACTION-AT-LAW FOR DAMAGES RELATED TO A VOID FORECLOSURE PROCESS AND RELATED INJURIES
1) BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALINGS; 2) FORGERY AND FRAUD 3)INTENTIONAL
MISREPRESENTATION 4) TO SET ASIDE A VOID WRONGFUL FORECLOSURE PROCESS 5). DECLARATORY RELIEF 6)
QUIET TITLE AGAINST ALL NAMED DEFENDANTS AND IN FAVOR OF PLANITIFF David Alan Morgensen

## LEGAL ANALYSIS

45.   COURTS ACROSS AMERICA ARE NOW RULING A VALUE MUST BE IN PLACE IN ORDER TO HAVE ANY BENEFICIAL RIGHTS

**AGAIN DEFENDANTS ARE IN VIOLATION OF *ARTICLE 9-203(b)***
*Section 9-203(b) of the Uniform Commercial Code (UCC) which provides that three criteria must be fulfilled in order for the owner of a mortgage note effectively to create a "security interest" (either an interest in the note securing an obligation or the outright sale of the note to a buyer) in it.*
      *•The first two criteria are straightforward – [1] "value" must be given and [2] the debtor/seller must have rights in the note or the power to transfer rights in the note to a third party.*
      *•The third criterion may be fulfilled in either one of two ways. Either [1] the debtor/seller must "authenticate" a "security agreement" that describes the note or[2] the secured party must take possession of the note pursuant to the debtor's security agreement.*

*UCC § 9-203(b)(1). UCC § 1-204 provides that giving "value" for rights includes not only acquiring them for consideration but also acquiring them in return for a binding commitment to extend credit, as security for or in complete or partial satisfaction of a preexisting claim, or by accepting delivery of them under a preexisting contract for their purchase.*

46.   It is quite clear that the named Defendants have not presented any Authentic Court admissible Evidence Indorsed by Plaintiff Morgensen's Original alleged Lender to substantiate Defendants Claims. **Furthermore Defendants cannot prove to this Honorable Court that they are protected by any claims that may arise in the future.**

### UNIFORM COMMERCIAL CODE 3-309

*§3-309.* ENFORCEMENT OF LOST, DESTROYED, OR STOLEN INSTRUMENT.
*(a) A person not in possession of an instrument is entitled to enforce the instrument if (i) the person was in possession of the instrument and entitled to enforce it when loss of possession occurred, (ii) the loss of possession was not the result of a transfer by the person or a lawful seizure, and (iii) the person*

*cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.*

**(b) A person seeking enforcement of an instrument under subsection (a) must prove the terms of the instrument and the person's right to enforce the instrument.** If that proof is made, *Section 3-308* applies to the case as if the person seeking enforcement had produced the instrument. **The court may not enter judgment in favor of the person seeking enforcement unless it finds that the person required to pay the instrument is adequately protected against loss that might occur by reason of a claim by another person to enforce the instrument. Adequate protection may be provided by any reasonable means.**

47.    The official UCC commentary to Section 3-309 states that:

> *"Judgment to enforce the instrument cannot be given unless the court finds that the [Plaintiff] will be **adequately protected** against a claim to the instrument by a holder that may appear at some later time."*

> **Banks cannot legally foreclose on the subject private land and house if the foreclosure paperwork is not in order.** This means that if the affidavit a bank submits is false — as any affidavit completed by a robo-signer, fictitious employee, or criminal forger — the attempted foreclosure cannot be valid.

> **The title must be clear to foreclose.** *In re Hayes*, 393 B.R. 259 (Bankr. D. Mass. 2008); *In re Kang Jin Hwang*, 396 B.R. 757 (Bankr. C.D. Calif. 2008); *In re: Shelter Development Group, Inc.*, 50 B.R. 588 (Bankr. S.D. Fla. 1985); *In re Foreclosure actions*, 2007 WL 4034554 at *1 (N.D. Ohio 2007).

48.    This comes to the forefront because it has been reported that upward of 40% of today's Promissory Notes are missing and cannot be found. There is also an absence of evidence on record regarding the lawful endorsements.

## PLAINTIFFS COMMERCIAL CODE ARGUMENTS ARE GENUINE

The Statutory Requirements for Establishing the Right to Enforce an Instrument require that the Defendants must:

Prove status of holder of the instrument. *(UCC § 3-301(i))*; or,

Prove status of non-holder in possession of the instrument who has the rights of a holder. *(UCC § 3-301(ii))*; or

Prove status of being entitled to enforce the instrument as a person not in possession of the instrument pursuant to *UCC § 3-309 or UCC § 3-418(d)*. (NOTE is lost, stolen, destroyed).

## *UCC § 3-309*, REQUIREMENTS.

49.     Prove possession of the instrument and entitled to enforce it when loss of possession occurred. *(UCC § 3-309(a)(1))*.

50.     If illegality or fraud were involved in the ORIGINAL transaction, it cannot be proved that the person is entitled to enforce the instrument.*(See UCC § 3-305. DEFENSES)*

51.     Prove non-possession of the NOTE is NOT the result of a transfer. *(UCC § 3-309(a)(2))*.

52.     In CALIFORNIA it's coming down to one key issue, <u>MERS NOT</u> having an assignment of the Note from the Original Lender to MERS, legally recorded. **"The assignment of the lien <u>without a transfer of the debt</u> was a nullity in law."** *"A lien is not assignable unless by the express language of the statute."* **<u>"The note and mortgage are inseparable</u>; the former as essential, the latter as an incident."** CARPENTER V. LONGAN, 83 U.S. 271 (1872), <u>THE UNITED STATES SUPREME COURT SAYS SO.</u>

## FIRST CAUSE OF ACTION

## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

53.     Plaintiff Morgensen re-alleges and reincorporates all above presented paragraphs as if fully contained herein.

54.     Plaintiff Morgensen alleges that at all times there existed an implied Covenant of Good-Faith and Fair Dealing requiring Defendants, and each of them, to safeguard, protect, or otherwise care for the assets and rights of Plaintiff Morgensen. Said covenant

18
VERIFIED ACTION-AT-LAW FOR DAMAGES RELATED TO A VOID FORECLOSURE PROCESS AND RELATED INJURIES
1) BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALINGS; 2) FORGERY AND FRAUD 3)INTENTIONAL
MISREPRESENTATION 4) TO SET ASIDE A VOID WRONGFUL FORECLOSURE PROCESS 5). DECLARATORY RELIEF 6)
QUIET TITLE AGAINST ALL NAMED DEFENDANTS AND IN FAVOR OF PLANITIFF David Alan Morgensen

prohibited Defendants from activities interfering with or contrary to the rights of Plaintiff Morgensen.

55.     Plaintiff Morgensen alleges that the commencement of foreclosure proceedings upon the private land and house lawfully belonging to him without the production of proper documents demonstrating the lawful rights for the foreclosure constitutes a breach of the covenant.

56.     Defendants breached the provisions as contained with BOTH the "ORIGINAL Promissory Note AND the Deed of Trust".

57.     Defendants breached the provisions as contained within the "ORIGINAL Promissory Note AND Deed of Trust" until the Defendants by their acts of collusion recorded the defective Notice of Default and Notice of Trustee Sale.

58.     As a consequence and proximate result, Plaintiff Morgensen has been injured in a sum to be proven at trial.

## SECOND CAUSE OF ACTION
## FOR FORGERY AND FRAUD

59.     Plaintiff Morgensen re-alleges and reincorporates all above presented paragraphs as if fully contained herein.

60.     An unknown employee signed the assignment of the Deed of Trust.

61.     Plaintiff further alleges VOID, FORGED & FRAUDULENT filings of an Assignment of the Deed of Trust by an unknown THIRD PARTY.

62.     This is in violation Uniform Commercial *Code (UCC) Article 3-203* and CALIFORNIA FORECLSOURE LAWS. Defendants papers were not properly assigned, acknowledged and recorded as a New Beneficiary on record and recorded in the Santa Cruz County Recorder's Office. Defendants have not produced conclusive admissible evidence of the authority of the Assignment of the ORIGINAL Promissory Note AND Deed of Trust together. THE ALLEGED ASSIGNMENT IS THUS VOID!

63.     These representations were made by Defendants in order to induce reliance by Plaintiff Morgensen.

VERIFIED ACTION-AT-LAW FOR DAMAGES RELATED TO A VOID FORECLOSURE PROCESS AND RELATED INJURIES
1) BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALINGS; 2) FORGERY AND FRAUD 3)INTENTIONAL
MISREPRESENTATION 4) TO SET ASIDE A VOID WRONGFUL FORECLOSURE PROCESS 5). DECLARATORY RELIEF 6)
QUIET TITLE AGAINST ALL NAMED DEFENDANTS AND IN FAVOR OF PLANITIFF David Alan Morgensen

64.     Plaintiff Morgensen did rely on these representations and because of his reliance his private land and house are now in foreclosure.

65.     Documents were not in compliance with *UCC § 9-313*. At the time the representation were made the named Defendants knew or reasonably should have known that they were false and were made for the sole purpose of inducing reliance.

66.     Plaintiff Morgensen alleges that Defendants, and each of them, were engaged in an illegal scheme the purpose of which was to execute the alleged loan secured by real property in order to make commissions, kickbacks, illegal undisclosed yield spreads, and undisclosed profits by the sale of instruments arising out of the transaction.

67.     Plaintiff Morgensen alleges that Defendants and each of them have represented to him that they were the True owners and thus the Holder in due Course of BOTH his ORIGINAL Promissory Note AND the ORIGINAL Deed of Trust, as either the Lender, Trustee, or Beneficiary, regarding his private land and house.

68.     Based on these false representation the named Defendants caused a Notice of Default, and foreclosure process and /or other false documents to be issued without disclosing their true role permanently affecting Plaintiff Morgensen's rights, title and interest in the subject private land and house.

69.     In Fact, Plaintiff Morgensen alleges that BOTH the ORIGINAL Promissory Note and Deed of Trust which were executed by him initially formed a basis of a security interest in the subject private land and house.

70.     The subject documents were then sold, transferred or assigned in violation of well-settled American Law and Jurisprudence because the alleged sale, transfer and/or assignments were not properly recorded in the Santa Cruz County Hall of Records, and as such the ORIGINAL Promissory Note and Deed of Trust was rendered as non-negotiable and therefore no power of sale was conveyed with that Promissory Note and Deed of Trust at the time of the assignment, and therefore, Defendants, and each of them, have no lawful security interest in the subject private land and house.

VERIFIED ACTION-AT-LAW FOR DAMAGES RELATED TO A VOID FORECLOSURE PROCESS AND RELATED INJURIES 1) BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALINGS; 2) FORGERY AND FRAUD 3)INTENTIONAL MISREPRESENTATION 4) TO SET ASIDE A VOID WRONGFUL FORECLOSURE PROCESS 5). DECLARATORY RELIEF 6) QUIET TITLE AGAINST ALL NAMED DEFENDANTS AND IN FAVOR OF PLANITIFF David Alan Morgensen

71.    Plaintiff Morgensen has been damaged in having his private land and house wrongfully included in a VOID foreclosure process, slander of title, and being required to become involved in this litigation all to Plaintiff Morgensen's injury and damage in the amount of which is subject to proof at the time of trial.

### THIRD CAUSE OF ACTION

### FOR INTENTIONAL MISREPRESENTATION

72.    Plaintiff Morgensen re-alleges and reincorporates all above presented paragraphs as if fully contained herein.

73.    Plaintiff Morgensen is informed and believes that the named Defendants filed unlawful fraudulent documents signed by unknown employees and not officers which falsely represented in the following particular:

a.    Documents were served on Plaintiff Morgensen not providing any true beneficiary and/or Trustee.

b.    At the time Defendants made such representation they knew they were false and were made for the sole purpose of inducing reliance and confusing Plaintiff Morgensen.

c.    When Defendants filed a **VOID** Assignment; the acceleration notice they never complied with the CALIFORNIA FORECLOSURE LAWS and/or the UNIFORM COMMERCIAL CODE (UCC). Thus all documents are **Void** because they are in direct violation of the laws of the State of California and the United States of America because at the time of filing the Notices, Defendants were not the true and lawful Trustee and/or beneficiary.

d.     Defendants should be required to provide the ORIGINAL Promissory Note with all appropriate endorsements thereon to Plaintiff and/or to this Honorable Court so that it may be determined under California Law, who owns the right to receive payments and exercises the rights relating to said ownership.

### FOURTH CAUSE OF ACTION

### TO SET ASIDE A DEFECTIVE VOID AND WRONGFUL FORECLOSURE

21

VERIFIED ACTION-AT-LAW FOR DAMAGES RELATED TO A VOID FORECLOSURE PROCESS AND RELATED INJURIES
1) BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALINGS; 2) FORGERY AND FRAUD 3)INTENTIONAL
MISREPRESENTATION 4) TO SET ASIDE A VOID WRONGFUL FORECLOSURE PROCESS 5). DECLARATORY RELIEF 6)
QUIET TITLE AGAINST ALL NAMED DEFENDANTS AND IN FAVOR OF PLANITIFF David Alan Morgensen

## PROCEDURE

74.     Plaintiff Morgensen re-alleges and reincorporates all above presented paragraphs as if fully contained herein.

75.     Plaintiff Morgensen herein incorporates by reference, alleges, and reasserts any and all previously alleged allegations, facts and paragraphs: Defendants are an unknown type of individual(s) and/or business entity doing business in the State of California. Defendants who are all persons or entities unknown, claiming some type of legal or equitable right, title, estate, lien or interest in the subject private land and house described in this ACTION-AT-LAW adverse to Plaintiff Morgensen's title or any cloud upon his title thereto are individuals and/or unknown business entities doing business in the State of California using its Foreclosure Laws.

## FIFTH CAUSE OF ACTION

## DECLARATION OF RELIEF TO SET ASIDE A DEFECTIVELY VOID AND WRONGFUL FORECLOSURE PROCEEDINGS

### (Against All Parties)

76.     Plaintiff Morgensen re-alleges and reincorporates all above presented paragraphs as if fully contained herein.

77.     A dispute has arisen between and among Plaintiff Morgensen and the named Defendants and each of them as to the duties and obligations of the respective parties with regard to the alleged loan and foreclosure procedures.

78.     This dispute concerns, but is not limited to the ownership rights and the validity of the commencement of the subject foreclosure process.

79.     As to these issues, Plaintiff Morgensen seeks relief.

80.     Plaintiff Morgensen further alleges that a Court Declaration of rights and duties of the parties herein are essential to determine the actual status and validity of the alleged loan, Promissory Note, Deed of Trust, nominated beneficiaries, actual beneficiaries, loan servicers, trustees instituting foreclosure proceedings and related matter.

VERIFIED ACTION-AT-LAW FOR DAMAGES RELATED TO A VOID FORECLOSURE PROCESS AND RELATED INJURIES
1) BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALINGS; 2) FORGERY AND FRAUD 3)INTENTIONAL
MISREPRESENTATION 4) TO SET ASIDE A VOID WRONGFUL FORECLOSURE PROCESS 5). DECLARATORY RELIEF 6)
QUIET TITLE AGAINST ALL NAMED DEFENDANTS AND IN FAVOR OF PLANITIFF David Alan Morgensen

81.     DEFENDANTS ARE NOT IN COMPLIANCE OF THE HOLDER OF THE PROMISSORY NOTE REQUIREMENTS.

**Cal. Comm § 1201 defines a "Holder." As**
**(A)   The person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession: or,**
**(B) The person, in possession of a document of title if the goods are deliverable either to bearer or to the order of the person in possession. Here, the ORIGINAL Promissory Note is a negotiable instrument. (Comm. Code § 3104). The Note is payable to DOWNEY SAVINGS AND LOAN ASSICIATION, FA.**
**California Commercial Code § 3301 states:**
**"Person entitled to enforce" an instrument means;**
**(a) The holder of the instrument,**
**(b) A nonholder in possession of the instrument who has the rights of a holder, or**
**(c) A person not in possession of the instrument who is entitled to enforce the instrument, Pursuant to Section 3309 or subdivision (d) of Section 3418.**
**(C) Plaintiff Morgensen herein incorporates by reference, alleges, and reasserts any and all previously alleged allegations, facts and paragraphs: Defendants are an unknown type of individual(s) and/or business entity doing unlicensed business in the State of California. Defendants who are all persons or entity unknown, claiming any legal or equitable right, title, estate, lien or interest in the subject private land and house described in this ACTION-AT-LAW adverse to Plaintiff's title or any cloud upon Plaintiff's title thereto" are individuals and/or unknown business entities doing business in the State of California (CCCP Sec 762.060(a)).**

82.     Defendants are named in accordance with the provisions of *(CCP Sec 474)*. Plaintiff is informed that in committing certain acts herein alleged, some or all of the Named or unknown Defendants herein were actions as the Agents, Joint Ventures, Partners, Representatives, Subsidiaries, Affiliates, Associates, Assigns and/or Employees and/or Agents of some or all of the other Defendants, and that some or all of the conduct of such Defendants, as complained of herein, were within the course and scope and agency of such relationship.

VERIFIED ACTION-AT-LAW FOR DAMAGES RELATED TO A VOID FORECLOSURE PROCESS AND RELATED INJURIES 1) BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALINGS; 2) FORGERY AND FRAUD 3)INTENTIONAL MISREPRESENTATION 4) TO SET ASIDE A VOID WRONGFUL FORECLOSURE PROCESS 5). DECLARATORY RELIEF 6) QUIET TITLE AGAINST ALL NAMED DEFENDANTS AND IN FAVOR OF PLANITIFF David Alan Morgensen

83.    On or about 03/15/2005, and subsequent thereto the subject private land and house as fully and legally described herein, and the essence of instant Action was real property indisputably owned of record by Plaintiff, as evidenced by a certain Grant Deed as to any and all rights, Title and interest Re: Plaintiff.

84.    Plaintiff at the inception, made executed or otherwise autographed and delivered a document entitles "Deed of Trust" to Defendant DOWNEY SAVINGS AND LOAN ASSOCIATION, FA, as the ORIGINAL alleged LENDER herein which appears and ostensibly forms the basis of an alleged potential "Adverse Claim" as to any and all rights, Title and Interest Re: Defendants.

### BASIS FOR RELIEF

85.    As to any and all rights, Title and interest Re: All parties, Named Defendants and/or Unknown Entities and/or Individuals.

86.    The Opposition HYPOTHECATED the Original Promissory Note and/or BIFURCATION of the "DEBT" from any "SECURED INSTRUMENT.

87.    As a Direct, Indirect, Legal and/or Proximate result or cause, of any and all aforementioned assignments, transfers, and/or the selling of any alleged Debt, Loan and/or ORIGINAL Promissory Note, without confirming the existence or validity thereto, and allegedly pertaining to, relative, and/or hypothecated by any of the "security", Secured Instruments" and/or Deed of Trust as referenced herein, which has in fact has been effectuated as referenced above, and as well as the result of lack or joint corresponding assignment of any of the "Security", Secured Instrument has in fact taken place, and come into becoming. As further result or cause, the subject "Secured Instrument" then became "NULL & VOID" by Operation of Law.

88.    Therefore any and all Rights, Title and Interest in the subject private land and house, for and on behalf of all named and Un-known Defendants has legally been extinguished, terminated, discharged, due to such "Secured Instrument (Deed of Trust)" having become "NULL & VOID."

VERIFIED ACTION-AT-LAW FOR DAMAGES RELATED TO A VOID FORECLOSURE PROCESS AND RELATED INJURIES 1) BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALINGS; 2) FORGERY AND FRAUD 3)INTENTIONAL MISREPRESENTATION 4) TO SET ASIDE A VOID WRONGFUL FORECLOSURE PROCESS 5). DECLARATORY RELIEF 6) QUIET TITLE AGAINST ALL NAMED DEFENDANTS AND IN FAVOR OF PLANITIFF David Alan Morgensen

89.     The well established, longstanding applicable and relevant authority establishing such law can be found in the United States Supreme Court Case *"CARPENTER V. LONGAN, 83 U.S. 271 (1872))*

### SATISFACTION OF THE TERMS OF THE SECURED INSTRUMENT

90.     Additionally and alternatively as a further Direct, indirect, Legal and/or Proximate result or cause, of any and all assignments, transfers, and/or the selling for Full Value of any Debt, Loan, and/or Promissory Note, without confirming the existence or validity thereto, and allegedly pertaining to, relative and/or hypothecated by any of the "Security", Security Instruments and/or Deed of Trusts as referenced herein, which has been in fact been effectuated, or accomplished, then by virtue of the terms and provisions of any and all "Security", "Security Instruments" and/or "Deed of Trust," referenced herein, factually there has been full satisfaction, therefore any and all Rights, Title and Interests in the subject private land and house, for and on behalf of all Named and Unknown Defendants has legally been extinguished, terminated and/or discharged. A Reconveyance would then be in order.

### NON-COMPLIANCE WITH THE RELATIVE
### "POOLING AND SERVICING AGREEMENT"

91.     Additionally and Alternatively as further Direct, Indirect, Legal and/or Proximate result or cause, of any and all assignments, transfers or the selling of any and all Debt, Loan and/or Promissory Note, without confirming the existence of validity thereto and allegedly pertaining to, relative and/or hypothecated by any of the "Security, Secured Instruments", and/or "Deed of Trust" as referenced herein, which has in fact been effectuated, or accomplished into "Securitized Investment Trust" or "Pool", as referenced herein, then by virtue of the terms and provisions of any relative "Pooling and Servicing" (PSA) any and all "Security", Secured Instruments and/or "Deed of Trust" relevant thereto, factually must have been handled, assigned managed and/or controlled by the very directives, mandates, instructions, provisions and/or terms of said "Pooling and Servicing Agreement".

VERIFIED ACTION-AT-LAW FOR DAMAGES RELATED TO A VOID FORECLOSURE PROCESS AND RELATED INJURIES
1) BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALINGS; 2) FORGERY AND FRAUD 3)INTENTIONAL
MISREPRESENTATION 4) TO SET ASIDE A VOID WRONGFUL FORECLOSURE PROCESS 5). DECLARATORY RELIEF 6)
QUIET TITLE AGAINST ALL NAMED DEFENDANTS AND IN FAVOR OF PLANITIFF David Alan Morgensen

92.   This therefore was in fact a Non-Compliance with the terms and provisions subject "Pooling and Servicing Agreement".

93.   Therefore any and all Rights, Title and Interest in the subject private land and house, for and on behalf of all Named and Unknown Defendants has legally been extinguished, terminated, and/or discharged.

94.   The basis for a Reconveyance would then also be in order.

95.   Upon information and belief, Plaintiff Morgensen alleges the subject "Security", Secured Instruments" and/or Deed of Trust" as referenced herein are, by Operation of Law "NULL & VOID" and that there is no current holder of any Valid "Security", Security Instrument and/or Deed of Trust as claimed herein, as having an Adverse Claim and that no Party herein can otherwise establish that they are the valid current holder of any such valid "Secured", Security Instruments" and/or "Deed of Trust" whatsoever.

96.   Upon information and belief, Plaintiff Morgensen alleges that none of the alleged Parties herein claiming to hold or possess "Security", Secured Instruments", and/or "Deed of Trusts" can establish that they are entitled to, or possess any Rights, Title, or Beneficial interest relative to any valid "Security", Security Instrument and/or "Deed of Trusts" or the rights to effectuate any enforcement as against any other Party herein or as against subject Property itself, the subject of instant QUIET TITLE ACTION.

97.   Upon information and belief, Plaintiff Morgensen alleges as such no Party herein, notwithstanding Plaintiff Morgensen, has, possess or hold any Legal and/or Equitable interest and/or rights to and regarding subject private land and house.

98.   Upon information and belief, Plaintiff Morgensen alleges that his title to the subject private land and house is now FREE and CLEAR as to any presumed "Security", Security Instruments" and/or "Deed of Trusts" and therefore seeks title to the subject private land and house to be Quieted to Plaintiff Morgensen and his wife Patricia Morgensen, and for their benefit exclusively.

VERIFIED ACTION-AT-LAW FOR DAMAGES RELATED TO A VOID FORECLOSURE PROCESS AND RELATED INJURIES
1) BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALINGS; 2) FORGERY AND FRAUD 3)INTENTIONAL
MISREPRESENTATION 4) TO SET ASIDE A VOID WRONGFUL FORECLOSURE PROCESS 5). DECLARATORY RELIEF 6)
QUIET TITLE AGAINST ALL NAMED DEFENDANTS AND IN FAVOR OF PLANITIFF David Alan Morgensen

## FOR THE RECORD - THE BOTTOM LINE
## THE COURTS MUST IGNORE THE UNAMBIGUOUS BANK LAWS

99.     When the named Defendants filed the Assignments they never complied with the California Foreclosure Laws. Thus all documents are **HEARSAY WITH NO AUTHENTICITY** and **VOID** because they are in the direct violation of the laws of the United States of America and the Laws of the State of California. Defendants were **NOT The True BENEFICIARY**, Acknowledged and Recorded. NO Record of Assignment has been recorded with The Santa Cruz County Recorder's Office.

## RULE OF BANK LAWS DO NOT APPLY TO THIS CODE
## WHY IS THAT?

100.    18 U.S.C. § 1002: US Code - Section 1002: Possession of false papers to defraud United States.

> **"Whoever, knowingly and with intent to defraud the United States, or any agency thereof, possesses any false, altered, forged, or counterfeited writing or document for the purpose of enabling another to obtain from the United States, or from any agency, officer or agent thereof, any sum of money, shall be fined under this title or imprisoned not more than five years, or both."**

## CONCLUSION

101.    Plaintiff Morgensen re-alleges and reincorporates paragraphs 1 through 79, et seq., above as if fully contained herein.

102.    One of two truths is evident: Either the ORIGINAL Promissory Note fraudulently exists having NOT been deposited to the REMIC Trust, or the REMIC Trust fraudulent holds the ORIGINAL Promissory Note, against regulation.

103.    In either case, the ORIGINAL Promissory Note is "void, ab initio", and Defendants must be denied foreclosure and or tile due to the complete lack and want of Standing.

104.    Defendants have shown a complete lack and want of good faith, and have committed constructive fraud, in its obvious disdain for the very regulations that govern

VERIFIED ACTION-AT-LAW FOR DAMAGES RELATED TO A VOID FORECLOSURE PROCESS AND RELATED INJURIES 1) BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALINGS; 2) FORGERY AND FRAUD 3)INTENTIONAL MISREPRESENTATION 4) TO SET ASIDE A VOID WRONGFUL FORECLOSURE PROCESS 5). DECLARATORY RELIEF 6) QUIET TITLE AGAINST ALL NAMED DEFENDANTS AND IN FAVOR OF PLANITIFF David Alan Morgensen

its behavior, i.e., the requirement that it destroy the Note upon deposit to the REMIC Trust.

105.   Due Process Rights of Plaintiff Morgensen in this matter cannot be met if the Defendants are neither required to produce the ORIGINAL, Properly Endorsed Promissory Note of which they Claim to be "holder", much less "holder-in-due-course", if this Honorable Court allows foreclosure to take place.

106.   Plaintiff Morgensen has been grossly injured by Defendants who are not the true party in interest and by being deceived by Defendants into believing they are the true holder-in-due-course, by demanding Plaintiff Morgensen comply with the ORIGINAL agreement all the while knowing the alleged "loan" NEVER EXISTED because of the failure of the Defendants to Destroy the subject Promissory Note and take possession of the Deed of Trust concurrently with the Note. (See CARPENTER V. LONGAN, 83 U.S. 271 (1872).

107.   Defendants have benefited many times over by the very profits they have made by the buying, investing, hypothecating and/or selling of the "investment they purchased from the ORIGINAL, alleged "lender' or its successors, while all the time they knew or reasonably should have known that they were required to destroy the ORIGINAL  Promissory Note they now claim to hold.

108.   Plaintiff Morgensen's Causes of Action sounding in lack of Standing, by and through the supporting authority are clearly established by the Fact that the Defendants claim to have the ORIGINAL Promissory Note, which is completely supported collectively by all of the alleged facts and legal Authority presented within Plaintiff Morgensen's ACTION AT LAW, as well as the testimony of the witnesses which will be fully provided to the Court in order to establish a claim to set aside the fraudulent foreclosure activity on the grounds or bases presented. This evidence is sufficient to withstand any FRCP Rule 12 (B)(6) challenge as lack of Standing is clearly a claim upon which relief can be granted.

VERIFIED ACTION-AT-LAW FOR DAMAGES RELATED TO A VOID FORECLOSURE PROCESS AND RELATED INJURIES
1) BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALINGS; 2) FORGERY AND FRAUD 3)INTENTIONAL
MISREPRESENTATION 4) TO SET ASIDE A VOID WRONGFUL FORECLOSURE PROCESS 5). DECLARATORY RELIEF 6)
QUIET TITLE AGAINST ALL NAMED DEFENDANTS AND IN FAVOR OF PLANITIFF David Alan Morgensen

109.   The Severance and/or Bifurcation of the Debt, Loan, and/or Promissory Note from subject Deed of Trust without a <u>corresponding</u> proper assignment of the Deeds of Trust, itself, which by California Law are inseparable, renders any foreclosure action and the un-assigned Deed of Trust virtually Abandoned. The interests which were initially established by way of subject Deed of Trust became "Invalid", and "Null" and "Void".

110.   By Contrast, Plaintiff Morgensen has established by the Authorities presented herein supra, and out of the Laws of the State of California and the United States of America, the subject Deed of Trust, in the name of DOWNEY SAVINGS AND LOAN ASSOCIATION, FA, became "Invalid", "Null" and "Void" once the relative Debt, Loan and or ORIGINAL Promissory Note had been Sold, Assigned and or Transferred, irrespective of the destruction, or lack thereof, of the subject Promissory Note.

111.   WHEREFORE, in the interest of justice, Plaintiff Morgensen respectfully requests this Honorable Court to uphold state and federal law along with well-settled American Law and Jurisprudence as held by the United States Supreme Court in its entirety, and apply such authority to the specific facts which have been established herein, and render an Order to set aside the fraudulent foreclosure attempt, and to issue an ORDER OF QUIET TITLE TO THE SUBJECT PRIVATE LAND AND HOUSE AGAINST ALL NAMED DEFENDANTS AND IN FAVOR OF David Alan Morgensen and his wife Patricia Morgensen.

112.   For the Appealable Record, Plaintiff respectfully requests this Honorable Court make its Final Order in the form of a STATEMENT OF FACTS AND CONCLUSION OF LAW.

113.   This document contains a 9,349 word count.

VERIFIED ACTION-AT-LAW FOR DAMAGES RELATED TO A VOID FORECLOSURE PROCESS AND RELATED INJURIES 1) BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALINGS; 2) FORGERY AND FRAUD 3)INTENTIONAL MISREPRESENTATION 4) TO SET ASIDE A VOID WRONGFUL FORECLOSURE PROCESS 5). DECLARATORY RELIEF 6) QUIET TITLE AGAINST ALL NAMED DEFENDANTS AND IN FAVOR OF PLANITIFF David Alan Morgensen

114.   This document is executed by the voluntary act of my own hand in Santa Cruz County, in the State of California, and is dated this fourth day of the fifth month, in the year two thousand fifteen, Anno Domini, in the two-hundred and thirty-ninth year of the Independence of America.


David Alan Morgensen, In Pro Se
Authorized Representative of
DAVID ALAN MORGENSEN
c/o 375 Woodland Drive
Scotts Valley, California Republic 95066

30
**VERIFIED ACTION-AT-LAW FOR DAMAGES RELATED TO A VOID FORECLOSURE PROCESS AND RELATED INJURIES 1) BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALINGS; 2) FORGERY AND FRAUD 3)INTENTIONAL MISREPRESENTATION 4) TO SET ASIDE A VOID WRONGFUL FORECLOSURE PROCESS 5). DECLARATORY RELIEF 6) QUIET TITLE AGAINST ALL NAMED DEFENDANTS AND IN FAVOR OF PLANITIFF David Alan Morgensen**

# ATTESTATION AND AFFIDAVIT
## BY VERIFIED DECLARATION

I, Plaintiff David Alan Morgensen, attest to the truth of the following:

I have read the foregoing **VERIFIED ACTION-AT-LAW FOR DAMAGES RELATED TO A VOID FORECLOSURE PROCESS AND RELATED INJURIES 1) BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALINGS; 2) FORGERY AND FRAUD 3)INTENTIONAL MISREPRESENTATION 4) TO SET ASIDE A VOID WRONGFUL FORECLOSURE PROCESS 5). DECLARATORY RELIEF 6) QUIET TITLE AGAINST ALL NAMED DEFENDANTS AND IN FAVOR OF PLANITIFF David Alan Morgensen**, and know the contents thereof.

I am a party to the above entitled action or proceeding, and certify that the matters stated therein are facts of my own knowledge.

I declare under the penalty of perjury of the Laws of the California Republic state and *these* United States of the America, that the foregoing is correct and complete to the best of my knowledge, information and belief, and that this verification is executed by the voluntary act of my own hand in Santa Cruz County and is dated this fourth day of the fifth   month, in the year two thousand and fifteen, Anno Domini, in the Two-Hundred and thirty-ninth year of the Independence of the America.

David Alan Morgensen, All Rights Reserved
Authorized Representative of
DAVID ALAN MORGENSEN
c/o 375 Woodland Drive
Scotts Valley, California Republic 95066

# PROOF OF SERVICE

In the California Republic state, Santa Cruz County.

      I, the undersigned, herein declare that I am over the age of eighteen years and a party to the within entitled action.

      I hereby declare under the penalty of perjury in the California Republic state and *these* United States of America, that I served the foregoing document entitled **VERIFIED ACTION-AT-LAW FOR DAMAGES RELATED TO A VOID FORECLOSURE PROCESS AND RELATED INJURIES 1) BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALINGS; 2) FORGERY AND FRAUD 3)INTENTIONAL MISREPRESENTATION 4) TO SET ASIDE A VOID WRONGFUL FORECLOSURE PROCESS 5). DECLARATORY RELIEF 6) QUIET TITLE AGAINST ALL NAMED DEFENDANTS AND IN FAVOR OF PLANITIFF David Alan Morgensen,** on the opposing party(ies) by depositing in a Mail Box maintained by the United States Postal Service with postage prepaid, on this fourth day of the fifth month, in the year two thousand and fifteen, addressed as follows:

      **DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A.,**
      **C/O 3501 JAMBOREE ROAD**
      **NEWPORT BEACH, CALIFORNIA 92660**

      **U.S. BANK OF CALIFORNIA,**
      **C/O AGENT FOR SERVICE OF PROCESS**
      **CT CORPORATION SYSTEM**
      **818 W. SEVENTH ST. 2ND FLOOR**
      **LOS ANGELES, CALIFORNIA 90017**

      **GREENWICH CAPITAL FINANCIAL, INC.,**
      **DBA CENTRAL MORTGAGE LOAN SERVICING COMPANY**
      **C/O AGENT FOR SERVICE OF PROCESS**
      **CSC LAWYERS INCORPORATING SERVICE**
      **2710 GATEWAY OAKS DRIVE**
      **SACRAMENTO, CALIFORNIA 95833**

VERIFIED ACTION-AT-LAW FOR DAMAGES RELATED TO A VOID FORECLOSURE PROCESS AND RELATED INJURIES 1) BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALINGS; 2) FORGERY AND FRAUD 3)INTENTIONAL MISREPRESENTATION 4) TO SET ASIDE A VOID WRONGFUL FORECLOSURE PROCESS 5). DECLARATORY RELIEF 6) QUIET TITLE AGAINST ALL NAMED DEFENDANTS AND IN FAVOR OF PLANITIFF David Alan Morgensen

1
2
3
4
5
6
7
8
9
10

     I declare under the penalty of perjury of the Laws of the California Republic state and *these* United States of the America, that the foregoing is correct and complete to the best of my knowledge, information and belief, and that this PROOF OF SERVICE is executed by the voluntary act of my own hand in Santa Cruz County and is dated this fourth day of the fifth month, in the year two thousand and fifteen, Anno Domini, in the Two-Hundred and thirty-ninth year of the Independence of the America.

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

VERIFIED ACTION-AT-LAW FOR DAMAGES RELATED TO A VOID FORECLOSURE PROCESS AND RELATED INJURIES 1) BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALINGS; 2) FORGERY AND FRAUD 3)INTENTIONAL MISREPRESENTATION 4) TO SET ASIDE A VOID WRONGFUL FORECLOSURE PROCESS 5). DECLARATORY RELIEF 6) QUIET TITLE AGAINST ALL NAMED DEFENDANTS AND IN FAVOR OF PLANITIFF David Alan Morgensen