**BUCKLEYSANDLER LLP**
FREDRICK S. LEVIN (State Bar No. 187603)
flevin@buckleysandler.com
JESSICA L. POLLET (State Bar No. 266258)
jpollet@buckleysandler.com
H. JOSEPH DRAPALSKI III (State Bar No. 298791)
jdrapalski@buckleysandler.com
100 Wilshire Boulevard, Suite 1000
Santa Monica, California 90401
Telephone: (310) 424-3900
Facsimile: (310) 424-3960

*Attorneys for Defendant Greenwich Capital*
*Financial Products, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| DAVID ALAN MORGENSEN, | Case No. 5:15-cv-2000-HRL |
| Plaintiff, | **DEFENDANT GREENWICH CAPITAL FINANCIAL PRODUCTS, INC.'S NOTICE OF MOTION TO DISMISS, MOTION TO DISMISS, AND MEMORANDUM IN SUPPORT THEREOF** |
| v. | |
| DOWNEY SAVINGS AND LOAN ASSOCIATION, FA, A CALIFORNIA CORPORATION, U.S. BANK OF CALIFORNIA, AN OREGON CORPORATION, GREENWICH CAPITAL FINANCIAL, INC., A DELAWARE CORPORATION, CENTRAL MORTGAGE COMPANY, DBA CENTRAL MORTGAGE SERVICING COMPANY, and DOES 1 through 10 inclusively, | [Proposed] Order filed concurrently herewith. |
| | Date: |
| | Time: |
| | Crtrm.: 2, 5th Floor |
| | San Jose Courthouse |
| | Judge: The Hon. Magistrate Judge Howard R. Lloyd |
| Defendants. | |

BUCKLEYSANDLER LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL (310) 424-3900 • FAX (310) 424-3960

**BUCKLEYSANDLER LLP**
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

<u>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**</u>

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at ___ a.m./p.m. on _____, 2015, or as soon thereafter as the matter may be heard in Courtroom 2, 5th Floor of the United States District Court for the Northern District of California, San Jose Division, located at 280 South 1st Street, San Jose, CA 95113, the Honorable Howard R. Lloyd presiding, Defendant Greenwich Capital Financial Products, Inc. ("Greenwich") will, and hereby does, move the Court pursuant to Federal Rules of Civil Procedure 12(b)(6) to grant Greenwich's Motion to Dismiss all of the claims asserted against it in Plaintiff's Complaint (Counts I–V).

This motion is based on this notice of motion and motion, the accompanying memorandum of points and authorities, the Complaint and its exhibits and documents referred to in the Complaint, and all other pleadings, documents, records and other materials on file in this action, the oral arguments presented at the hearing of this motion, and any other material the Court permits.

DATED:  June 11, 2015

Respectfully submitted,

BUCKLEYSANDLER LLP

By:  /s/ Fredrick S. Levin
Fredrick S. Levin (State Bar No. 187603)
flevin@buckleysandler.com
**BuckleySandler LLP**
100 Wilshire Blvd, Suite 1000
Santa Monica, CA 90401
Telephone:  (310) 424-3984
Facsimile:  (310) 424-3960

Jessica L. Pollet
jpollet@buckleysandler.com
**BuckleySandler LLP**
100 Wilshire Blvd, Suite 1000
Santa Monica, CA 90401
Telephone:  (310) 424-3905
Facsimile:  (310) 424-3960

H. Joseph Drapalski III
jdrapalski@buckleysandler.com
**BuckleySandler LLP**
100 Wilshire Blvd, Suite 1000
Santa Monica, CA 90401
Telephone:  (310) 424-3996
Facsimile:  (310) 424-3960

*Attorneys for Defendant Greenwich Capital
Financial Products, Inc.*

MEMORANDUM OF POINTS AND AUTHORITIES .................................................................. 1

INTRODUCTION.................................................................................................................... 1

FACTUAL BACKGROUND ................................................................................................... 1

ARGUMENT ........................................................................................................................... 3

I.      STANDARD OF REVIEW........................................................................................ 3

II.     PLAINTIFF'S CAUSES OF ACTION DEPEND ENTIRELY ON REJECTED LEGAL THEORIES..................................................................................................... 4

III.    PLAINTIFF'S COMPLAINT IS IMPERMISSIBLY VAGUE ................................... 6

IV.     PLAINTIFF'S CLAIMS ARE TIME-BARRED ....................................................... 8

V.      PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED................................................................................................. 10

    A.      Plaintiff's First Cause of Action Fails to State a Claim for Breach of the Covenant of Good Faith and Fair Dealing.................................................................. 10

    B.      Plaintiff's Second Cause of Action Fails to State a Claim for Forgery and Fraud. ....... 11

    C.      Plaintiff's Third Cause of Action Fails to State a Claim for Intentional Misrepresentation.............................................................................................. 13

    D.      Plaintiff's Fourth Cause of Action "To Set Aside a Defective Void and Wrongful Foreclosure Procedure" Fails to State a Claim. ........................................ 14

    E.      Plaintiff's Fifth Cause of Action Fails to State a Claim for Declaratory Relief. .......... 15

CONCLUSION ...................................................................................................................... 16

**BUCKLEYSANDLER LLP**
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL (310) 424-3900 • FAX (310) 424-3960

Case No. 5:15-cv-2000-HRL

DEFENDANT GREENWICH CAPITAL FINANCIAL PRODUCTS, INC.'S MOTION TO DISMISS

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Deloitte & Touche LLP*,
   56 Cal. App. 4th 1468 (1st Dist. 1997) ....................................................................13

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .....................................................................................................3, 4

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .........................................................................................................6

*Berdux v. Project Time & Cost, Inc.*,
   669 F. Supp. 2d 1094 (N.D. Cal. 2009) .........................................................................9

*Carpenter v. Longan*,
   83 U.S. 271 (1872) ....................................................................................................3, 4, 5

*Dick v. Am. Home Mortgage Servicing, Inc.*,
   Case No. 2:13-00201 WBS, 2013 WL 5299180 (E.D. Cal. Sept. 18, 2013) .............15

*Fox v. Ethicon Endo-Surgery, Inc.*,
   35 Cal. 4th 797 (2005)....................................................................................................10

*In re Gilead Scis. Sec. Litig.*,
   536 F.3d 1049 (9th Cir. 2008) .........................................................................................4

*Gomez v. Wells Fargo Home Mortgage*,
   Case No. C 11-01725 LB, 2011 WL 5834949 (N.D. Cal. Nov. 21, 2011) .................8

*Graebner v. James*,
   Case No. C 12-01694 WHA, 2012 WL 6156729 (N.D. Cal. Dec. 11, 2012) .............9

*Gutierrez v. Bank of America, N.A.*,
   Case No. 2:14-cv-01246-TLN-AC, 2015 WL 925703 (E.D. Cal. March 3,
   2015)..........................................................................................................................4, 5, 12

*Hafiz v. Greenpoint Mortgage Funding, Inc.*,
   652 F. Supp. 2d 1039 (N.D. Cal. 2009) .........................................................................6

*Hebbe v. Pliler*,
   627 F.3d 338 (9th Cir. 2010)............................................................................................4

*Heflebower v. JPMorgan Chase Bank, NA*,
   Case No. 1:12-cv-01671-AWI-SMS, 2013 WL 5476806 (E.D. Cal. Sept. 30,
   2013)..................................................................................................................................4

**BUCKLEYSANDLER LLP**
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

*Hosseini v. Wells Fargo Bank, N.A.*,
    Case No. C–13–02066 DMR, 2013 WL 4279632 (N.D. Cal. Aug. 9, 2013) ..........................5

*Lane v. Vitek Real Estate Indus. Group*,
    713 F. Supp. 2d 1092 (E.D. Cal. 2010) ........................................................................6

*Lazar v. Super. Ct.*,
    12 Cal. 4th 631 (1996) ............................................................................................12

*Manantan v. Nat'l City Mortgage*,
    Case No. C-11-00216 CW, 2011 WL 3267706 (N.D. Cal. July 28, 2011).................10

*Mangindin v. Washington Mut. Bank*,
    637 F. Supp. 2d 700 (N.D. Cal. 2009) ........................................................................16

*Marolda v. Symantec Corp.*,
    672 F. Supp. 2d 992 (N.D. Cal. 2009) ..............................................................12, 13

*McGough v. Wells Fargo Bank, N.A .*,
    Case No. C12–0050 TEH, 2012 WL 2277931 (N.D. Cal. June 18, 2012) ..............4, 5

*Miller v. California Reconveyance Co.*,
    Case No. 10-CV-421-IEG (CAB), 2010 WL 2889103 (S.D. Cal. July 22, 2010)...................11

*Minichino v. Wells Fargo Bank, N.A.*,
    Case No. C 11-01030 SI, 2011 WL 4715153 (N.D. Cal. Oct. 7, 2011) ........................9

*Misc. Serv. Workers, Drivers & Helpers v. Philco-Ford Corp.*,
    66 F.2d 776 (9th Cir. 1981)........................................................................................12

*Mitsui O.S.K. Lines, Ltd. V. SeaMaster Logistics, Inc.*,
    913 F. Supp. 2d 780 (N.D. Cal. 2012) ........................................................................13

*Ngoc Nguyen v. Wells Fargo Bank, N.A.*,
    749 F. Supp. 2d 1022 (N.D. Cal. 2010) ........................................................................9

*Ogilvie v. Select Portfolio Servicing*,
    Case No. 12-cv-001654-DMR, 2012 WL 4891583 (N.D. Cal. Oct. 12, 2012) ........................14

*Oliver v. Ralphs Grocery Co.*,
    654 F.3d 903 (9th Cir. 2011)........................................................................................6

*Patel v. Mortgage Elec. Registratino Sys., Inc.*,
    Case No. 4:14-cv-1874 KAW, 2013 WL 4029277 (N.D. Cal. Aug. 6, 2013) ..............12

*Preciado v. Wells Fargo Home Mortgage*,
    Case No. 13-00382, 2013 WL 1899929 (N.D. Cal. May 7, 2013) ........................16

*Reiydelle v. J.P. Morgan Chase Bank, N.A.*,
    Case No. 12-cv-06543-JCS, 2014 WL 2159010 (N.D. Cal. May 20, 2014) ..............15

*Sami v. Wells Fargo Bank*,
  Case No. 12–00108, 2012 WL 967051 (N.D. Cal. March 21, 2012)..........................6

*Singh v. Wells Fargo Bank, N.A.*,
  2009 WL 2365881 (N.D. Cal. 2009) ...........................................................16

*Swartz v. KPMG LLP*,
  476 F.3d 756 (9th Cir. 2007) ....................................................................12

*Villagomez v. JPMorgan Chase Bank, N.A.*,
  Case No. 11cv00826 BTM (MDD), 2012 WL 3030357 (S.D. Cal. July 25,
  2012).................................................................................................14

*Von Saher v. Norton Museum of Art at Pasadena*,
  592 F.3d 954 (9th Cir. 2010) ......................................................................8

*Woods v. Google, Inc.*,
  889 F. Supp. 2d 1182 (N.D. Cal. 2012) .......................................................11

*Zacharias v. U.S. Bank N.A.*,
  Case No. 14-02186 SC, 2014 WL 4100705 (N.D. Cal. Aug. 20, 2014) ...................15

**Statutes**

18 U.S.C. § 1002 ...........................................................................................7

Cal. Code Civ. P. § 338(d) ...............................................................................9

UCC, Article 9-203(b) .....................................................................................7

**BUCKLEYSANDLER LLP**
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANT GREENWICH CAPITAL FINANCIAL PRODUCTS, INC.'S MOTION TO DISMISS

**BUCKLEYSANDLER LLP**
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL (310) 424-3900 • FAX (310) 424-3960

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2  Defendant Greenwich Capital Financial Products, Inc. ("Greenwich"),[1] pursuant to Rule

3 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves to dismiss Plaintiff David Alan

4 Morgensen's ("Plaintiff") Complaint for failure to state a claim upon which relief may be granted.

5

## INTRODUCTION

6  Plaintiff's Complaint is a muddled thirty-three-pages of broadly asserted, unsupported, and

7 conclusory allegations interspersed with block quotes of entirely irrelevant text. Although the

8 Complaint sets forth five causes of action, none of those causes of action are supported by allegations

9 that would entitle Plaintiff to relief against Greenwich.

10  The five causes of action included in Plaintiff's Complaint are premised on an invalid legal

11 theory and conclusory, baldly asserted factual allegations. Specifically, Plaintiff's entire Complaint

12 rests upon the theory that securitization of his mortgage loan somehow invalidated the mortgage itself,

13 any assignment of the mortgage, and any foreclosure proceedings. To support this proposition,

14 Plaintiff relies almost entirely upon an 1872 decision by the Supreme Court that federal courts in

15 California, and across the Country, have held "obsolete and antiquated."

16  Plaintiff therefore fails to state any claim for relief against Greenwich and, as a result, the

17 Complaint as to Greenwich should be dismissed with prejudice pursuant to Federal Rules of Civil

18 Procedure 12(b)(6).

19

## FACTUAL BACKGROUND

20  On March 15, 2005, Plaintiff obtained a $770,000 loan (the "Loan"), secured by a Deed of

21 Trust on real property located at 375 Woodland Drive, Scotts Valley, CA 95066 (the "Property"). *See*

22 Exhibit to Plaintiff's Complaint, RMC: Affidavit of Facts ("RMC Affidavit"), at PDF p. 34.[2]

23

---

24  [1] In Plaintiff's Complaint, he names "Greenwich Capital Financial, Inc." as a defendant. For

25 purposes of this Motion to Dismiss, it is assumed that Plaintiff intended to name "Greenwich Capital
Financial Products, Inc." in the Complaint. Today, Greenwich Capital Financial Products, Inc. is

26 known as RBS Financial Products Inc.

27  [2] Greenwich cites to the exhibit for the date of origination because Plaintiff has simply failed
to allege this fact within the body of the Complaint. As described below in Part IV, this may be due to

28 statute of limitations concerns.

Although difficult to discern from Plaintiff's allegations, it appears that Downey Savings and Loan Association, FA ("Downey") originated the Loan. Compl. ¶ 19. At some time soon thereafter, Plaintiff alleges in uncertain terms that Downey "and/or their Co-conspirator Defendants" securitized the loan and deposited it into the DSLA Mortgage Loan Trust 2005-AR3 (the "Trust"). *Id.* ¶¶ 22–23.[3] This securitization provides the basis of Plaintiff's Complaint, which focuses almost entirely on Plaintiff's theory that securitization somehow invalidated the Deed of Trust and "<u>FOREVER destroyed</u>" the Promissory Note. *Id.* ¶ 30 (emphasis in original). Plaintiff alleges that, as a result of this invalidation, neither the beneficiary of the mortgage, nor any assignee, can foreclose upon the Property. *See generally id.*

But absent from Plaintiff's Complaint are any allegations that foreclosure of the Property has been completed, or that Greenwich had any involvement in the purported foreclosure. Plaintiff instead alleges that Defendants collectively engaged in an unexplained "VOID . . . Foreclosure Process." *Id.* ¶ 31 (emphasis in original). Plaintiff never identifies any action taken by Greenwich or any of the other Defendants in furtherance of the alleged foreclosure on the Property.[4] Plaintiff also alleges that Defendants are involved in an amorphous, unexplained conspiracy or agency relationship, of which the principal purpose is presumably the securitization of mortgage loans. *Id.* ¶¶ 6, 8, 21, 23,

---

Plaintiff has not labeled or paginated his exhibits; therefore, the page citation used is to the PDF page of Plaintiff's Complaint.

It bears noting that the document attached as Plaintiff's first exhibit, and from which he has extensively borrowed language (and apparently legal conclusions), is a report produced by "Redeemed Mortgage Consultants" that purportedly evaluates the legality of the securitization and assignments of the Loan, despite a disclaimer that the report "is not to be construed as 'legal advice.'" *See, e.g.*, RMC Affidavit, at PDF pp. 87, 97.

[3] Adding further confusion, Plaintiff does not attach the Deed of Trust or Promissory Note in connection with the Loan.

[4] The Complaint may be read to imply that the assignment of the Loan constituted the initiation of foreclosure proceedings. *See, e.g.*, Compl. ¶ 32 ("Foreclosure may be established by either an assignment or equitable transfer of the mortgage prior to commencing of the subject foreclosure activity."). However, such an assertion would be out of context in the paragraph within which it is made, as Plaintiff immediately proceeds to allege that because Defendants "**FAILED** to [assign or equitably transfer the Loan they] have **NO** beneficial interest or ownership in Plaintiff Morgensen's Title to his private land and house." *Id.*

30.  Again, Plaintiff never identifies any action taken by Greenwich or the other Defendants in furtherance of this alleged conspiracy or in support of any agency relationship, nor does Plaintiff tie it to any of the claims asserted.

As to Greenwich itself, Plaintiff does not include a single allegation – aside from naming it one of the "Defendants." *Id.* ¶ 5.  Indeed, at no point in the Complaint does Plaintiff identify Greenwich's alleged role in the securitization of the Loan.[5]  Nor is it possible to discern which allegations are made against Greenwich, as Plaintiff's allegations do not distinguish between the parties to this action.  As to the allegations that Plaintiff does make against Defendants generally, they are overly broad, conclusory, and vague.[6]  As such, it is not clear in what capacity, or on the basis of what actions, Plaintiff has named any of the parties, let alone Greenwich.  *See, e.g.*, *id.* ¶ 23 (demonstrating that Plaintiff himself does not know which, if any, of Defendants securitized the Loan).

## ARGUMENT

### I.   STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Although pro se pleadings are

---

[5] Greenwich's role in the securitization of the loan is not alleged on the face of the Complaint, but the RMC Affidavit, attached as an exhibit to the Complaint, identifies Greenwich as either the sponsor or depositor of the securitization at issue.  RMC Affidavit, at PDF p. 35.  As the sponsor or depositor, Greenwich had no role in origination or servicing of Plaintiff's loan and thus no direct contact with either Plaintiff or his loan.

[6] For an example of Plaintiff's vague allegations, consider paragraph 21 of the Complaint, in which Plaintiff alleges that "[t]he relevant and material issues . . . are what the named Defendants either did, or failed, refused, or neglected to do pursuant to the mandates of well-settled 140+ year old American Law and Jurisprudence.  (See CARPENTER V. LONGAN, 83 U.S. 271 (1872) So says the United States Supreme Court." Compl. ¶ 21 (sic throughout; emphasis in original).  Plaintiff at no point alleges what Greenwich, or any of the Defendants, "did, or failed, refused, or neglected to do." *See generally* Compl.  The lack of context or subsequent explanation of this paragraph, exemplifies the vast majority of the Complaint, which is composed almost entirely of blanket assertions of wrongdoing coupled with sweeping legal conclusions and an occasional citation to a Supreme Court decision that was handed down less than a decade after the end of the American Civil War.

BUCKLEYSANDLER LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

1  to be liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible

2  claim for relief. *See, e.g.*, *Hebbe v. Pliler*, 627 F.3d 338, 341–42 (9th Cir. 2010). Legal conclusions

3  are not entitled to an assumption of truth. *Iqbal*, 556 U.S. at 679. Nor must the court accept as true

4  "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."

5  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). A pleading that offers "labels and

6  conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid

7

8  of further factual enhancement" will not survive a motion to dismiss. *Iqbal,* 556 U.S. at 678.

## II. PLAINTIFF'S CAUSES OF ACTION DEPEND ENTIRELY ON REJECTED LEGAL THEORIES

9

10      Plaintiff's entire Complaint rests upon the theories that (1) securitization of the Loan somehow

11  invalidated the Deed of Trust and thus the Defendants' interest in the Property was extinguished (*see,*

12  *e.g.*, Compl. ¶ 22); and (2) Defendants' foreclosure proceedings were fraudulent because

13  securitization extinguished their right to foreclose.

14      Yet federal courts in California and across the Ninth Circuit have resoundingly and decisively

15  rejected Plaintiff's securitization theory. *McGough v. Wells Fargo Bank, N.A*., Case No. C12–0050

16  TEH, 2012 WL 2277931, at *4 (N.D. Cal. June 18, 2012) ("Theories that securitization undermines

17  the lender's right to foreclose on a property have been rejected by the courts."); *see also Gutierrez v.*

18  *Bank of America, N.A.*, Case No. 2:14-cv-01246-TLN-AC, 2015 WL 925703, at *5 (E.D. Cal. March

19  3, 2015) (collecting cases and holding the plaintiff's theory "that the securitization of the beneficial

20  interest in the deed of trust somehow invalidates the [right to] foreclosure . . . is not supported by

21  California law"). Plaintiff cites no contrary case law. *See, e.g.*, Compl. ¶ 22 (alleging that the Deed of

22  Trust is void ab initio because it was separated from the note, but without any legal support other than

23  a citation to an 1872 Supreme Court decision, *Carpenter v. Longan*, 83 U.S. 271 (1872), that has no

24  bearing on this issue). Plaintiff relies almost entirely on *Carpenter* (*see, e.g.*, Compl. ¶¶ 7, 21–22, 52,

25  89, 106), yet federal courts have soundly distinguished this case due to its frequent misapplication by

26  plaintiffs and "obsolete and antiquated" holding. *See, e.g.*, *Heflebower v. JPMorgan Chase Bank, NA*,

27  Case No. 1:12-cv-01671-AWI-SMS, 2013 WL 5476806, at *8–9 (E.D. Cal. Sept. 30, 2013)

28

**BUCKLEYSANDLER LLP**
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

1  (distinguishing *Carpenter* because it concerned a loan relating to a financial loss on wheat and flour,

2  not a home mortgage in default, and further observing that *Carpenter* is "obsolete and antiquated . . .

3  written almost 120 years ago[, it] has no relevance regarding whether, in this modern day and age,

4  sending a deed of trust to an electronic title-holding company for storage and transfer renders a

5  mortgage invalid and unenforceable") (internal citations omitted) (quoting *Reardean v. Citimortgage,*

6  *Inc.*, 2011 WL 3268307, at *4 (W.D. Tex. July 25, 2011)).

7       Plaintiff also alleges that Defendants' rights regarding the Property were "extinguished,

8  terminated, and/or discharged" because Defendants did not comply with their Pooling and Servicing

9  Agreement and therefore the securitization was invalid. Compl. ¶¶ 91–98.[7] But this theory cannot

10  form the basis for any of Plaintiff's claims because California district courts have repeatedly held that

11  plaintiffs do not have standing to sue based on violations of a pooling and servicing agreement. *See,*

12  *e.g.*, *Hosseini v. Wells Fargo Bank, N.A.*, Case No. C–13–02066 DMR, 2013 WL 4279632, at *3

13  (N.D. Cal. Aug. 9, 2013) ("Claims based upon this theory must be dismissed because Plaintiffs fail to

14  allege how they have standing to challenge the validity of the securitization process. As recognized

15  by numerous courts, Plaintiffs lack standing to challenge the process by which their mortgage was

16  securitized because they were not parties to any agreements that governed the securitization of the

17  note."); *Gutierrez*, 2015 WL 925703, at *5 ("The Court adopts the majority view that Plaintiffs do not

18  have standing to challenge the [Pooling and Servicing Agreement].") (collecting cases).

19       Plaintiff's theory that Defendants conducted a "wrongful foreclosure process" similarly fails

20  because Plaintiff bases this assertion on the securitization and related assignment of the Loan rather

21  than any alleged wrongful conduct by Defendants. *See, e.g.*, Compl. ¶¶ 22, 32–33, 55, 99. Because

22  the Loan was securitized, Plaintiff argues, Defendants' interest in the Property was extinguished and

23  therefore any foreclosure proceedings were fraudulent. *See, e.g.*, Compl. ¶ 22. This theory is simply

24  incorrect and not supported by Ninth Circuit case law. *See, e.g.*, *McGough*, 2012 WL 2277931, at *4

25  (holding that California district courts reject the theory that securitization undermines the right to

---

[7] Notably, Plaintiff groups these allegations together in one stand-alone section nestled between the "Basis for Relief" and "Conclusion" sections.

foreclose); *Sami v. Wells Fargo Bank*, Case No. 12–00108, 2012 WL 967051 at *4–6 (N.D. Cal. March 21, 2012) (rejecting arguments that securitization invalidates standing to foreclose); *Hafiz v. Greenpoint Mortgage Funding, Inc.*, 652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009) (holding that defendants' power of sale is not lost by assignment of promissory note to a trust pool); *Lane v. Vitek Real Estate Indus. Group*, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010) (noting that "[t]here is no stated requirement in California's non-judicial foreclosure scheme that requires a beneficial interest in the Note to foreclose. Rather, the statute broadly allows a trustee, mortgagee, beneficiary, or any of their agents to initiate non-judicial foreclosure"). Securitization did not invalidate the Deed of Trust, nor undermine Defendants' right to foreclose, and Plaintiff has utterly failed to cite any authority to the contrary.

The gravamen of Plaintiff's five causes of action is that Defendants cannot foreclose on plaintiff's property because the securitization invalidated the Deed of Trust and extinguished Defendants rights with respect to the property. But these theories have been expressly rejected by Court's within the Ninth Circuit, and thus the five causes of action must be dismissed.

## III. PLAINTIFF'S COMPLAINT IS IMPERMISSIBLY VAGUE

Plaintiff's Complaint should be dismissed because Plaintiff's allegations are too vague to inform Greenwich of the claims against it, and therefore Greenwich cannot reasonably be required to frame a response. Federal Rules of Civil Procedure 8(a)(2) states that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has interpreted the "short and plain statement" requirement to mean that the complaint must provide "the defendant [with] fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 908 (9th Cir. 2011). For several reasons, Plaintiff's Complaint fails to do so.

*First*, Plaintiff seemingly cites at random to the Uniform Commercial Code ("UCC"), often including page-long block quotes of its provisions, without making allegations or claims containing any discernible connection to the instant case. *See, e.g.*, Compl. ¶ 27 (alleging that "[a]lso under the tenets of UCC 8-102, Plaintiff Morgensen is to be the actual Holder In Due Course of his ORIGINAL

BUCKLEYSANDLER LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

DEFENDANT GREENWICH CAPITAL FINANCIAL PRODUCTS, INC.'S MOTION TO DISMISS

**BUCKLEYSANDLER LLP**
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

Promissory Note, and not any bank/lender or servicing agent" without providing any additional explanation, analysis, or substantiation) (emphasis in original); ¶¶ 45–46 (including an entire article of the UCC, Article 9-203(b) regarding the creation of a security interest, then instead of tying this language to the case, immediately stating that "[i]t is quite clear that the named Defendants have not presented any Authentic Court Admissible Evidence Indorsed by Plaintiff Morgensen's Original alleged Lender to substantiate Defendants Claims") (sic throughout).

*Second*, Plaintiff not only includes errant citations to the UCC, but he also repeatedly raises issues in the midst of an entirely unrelated discussion, only to move on to a new subject without any explanation or attempt to tie together facts. *See, e.g.*, Compl. ¶ 30 (beneath a section header "To Defendants and Defendants' Attorneys: Fraud Upon the Court," without any claim or explanatory text whatsoever, Plaintiff cites to a series of decisions regarding the role of judges, state and federal attorneys, and what constitutes fraud upon the court); ¶¶ 18, 99 (stating at the beginning and end of the Complaint that "bank laws do not apply in the California Courts" without any semblance of an explanation for why that might be, or to what "bank laws" he is referring, and citing to 18 U.S.C. § 1002 regarding the possession of false papers to defraud the United States); ¶ 26 (stating that Plaintiff has the right to rescind because of Defendants' "above-mentioned fraud" that violates "Regulation Z for failure to disclose" and "12 CFR 226.23 . . . appendix H, which applies due to the various items of constructive fraud," but declining to include any additional explanation, or a claim for rescission or violation of any federal law).[8]

Moreover, the claims that Plaintiff does make are barely better explained than those that he merely implies in passing. For example, consider Plaintiff's fourth cause of action "To Set Aside a Defective Void and Wrongful Foreclosure Procedure." Compl. pp. 21–22. As a preliminary matter, such a claim does not exist under California law. Reading Plaintiff's Complaint generously, however, it might be assumed that Plaintiff intended to bring a claim for "Wrongful Foreclosure." *See supra* Part V.D. Even then, Plaintiff makes no allegations to support such a cause of action. Instead,

---

[8] To the extent Plaintiff intended any of the above mentioned allegations to constitute separate causes of action, which they are not, Greenwich asserts that they should be dismissed because Plaintiff has failed to satisfy the basic pleading requirements of Federal Rules of Civil Procedure 8(a)(2) .

BUCKLEYSANDLER LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

1    Plaintiff first states twice that he is incorporating his previous allegations, and then that the

2    Defendants "are all persons or entities unknown, claiming some type of legal or equitable right, title,

3    estate, lien or interest in" the Property. Compl. ¶¶ 74–75. Like much of the Complaint, this claim is

4    in fact so vague that Greenwich cannot decipher the claim against it.

5         *Third*, the Complaint is simply so vague throughout that it is nearly unintelligible. For

6    example, the Complaint almost exclusively refers to "Defendants" without any attempt to distinguish

7    as against which of the Defendants an allegation or cause of action is directed. *See, e.g.*, *Gomez v.*

8    *Wells Fargo Home Mortgage*, Case No. C 11-01725 LB, 2011 WL 5834949, at \*9 (N.D. Cal. Nov.

9    21, 2011) ("[W]hen there are multiple defendants, plaintiffs cannot lump the defendants together, but

10    must differentiate so as to inform each defendant of their alleged wrongdoings.") (citing *Swartz v.*

11    *KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007)). Similarly, Plaintiff fails to cite to specific documents

12    that necessarily form the basis of his claims. *See generally* Compl. For example, in his third cause of

13    action for intentional misrepresentation, Plaintiff alleges that "[d]ocuments . . . not providing any true

14    beneficiary and/or Trustee" were served by "Defendants" on Plaintiff. Compl. ¶ 73. It is simply

15    impossible to discern from such vague allegations either what documents form the basis of this claim

16    or which Defendant served said documents.

17         In sum, Plaintiff's vague and conclusory allegations and unwarranted deductions of fact make

18    it virtually impossible for Greenwich to determine which allegations, if any, are intended to support

19    the causes of action asserted against Defendants. Requiring Greenwich to guess the meaning of

20    Plaintiff's allegations and claims is contrary to Federal Rules of Civil Procedure 8(a), and, for this

21    reason alone, Plaintiff's Complaint should be dismissed in its entirety.

22    ## IV.    PLAINTIFF'S CLAIMS ARE TIME-BARRED

23         A majority of the causes of action included in the Complaint are barred by applicable statute

24    of limitations and therefore must be dismissed. *See, e.g.*, *Von Saher v. Norton Museum of Art at*

25    *Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (holding that a claim may be dismissed pursuant to Rule

26    12(b)(6) when it is apparent on the face of the complaint that the claim is barred by the applicable

27    statute of limitations). Plaintiff filed the Complaint on May 4, 2015. According to Plaintiff's

28    unlabeled first exhibit, Plaintiff's loan was originated on March 15, 2005 (RMC Affidavit, at PDF p.

Case No. 5:15-cv-2000-HRL

DEFENDANT GREENWICH CAPITAL FINANCIAL PRODUCTS, INC.'S MOTION TO DISMISS

1    35) and securitized soon thereafter in May 2005 (RMC: Securitization and Chain of Title Audit

2    ("RMC Audit"), at PDF p. 55). Because approximately ten years have passed since the events

3    forming the basis for Plaintiff's claims, nearly all of Plaintiff's claims are untimely and, as a result,

4    should be dismissed.

5         Plaintiff's first cause of action, for breach of covenant of good faith and fair dealing, has a

6    four-year statute of limitations under California law. *See, e.g.*, *Berdux v. Project Time & Cost, Inc.*,

7    669 F. Supp. 2d 1094, 1106 (N.D. Cal. 2009) (holding that a claim for breach of covenant of good

8    faith and fair dealing related to a written contract is governed by a four-year statute of limitations).

9    Plaintiff alleges without explanation that Defendants breached the "ORIGINAL Promissory Note

10   AND Deed of Trust **until** the Defendants by their acts of collusion recorded the defective Notice of

11   Default and Notice of Trustee Sale." Compl. ¶¶ 56–57 (capitalization in original; emphasis added).

12   Given that Plaintiff's Complaint states that the first Notice of Default was recorded on February 1,

13   2008, [9] it is clear on the face of the Complaint that more than four years have passed since the events

14   in question and, as a result, the fourth cause of action for breach of the implied covenant of good faith

15   and fair dealing is time-barred.

16        Plaintiff's second, third, and fifth causes of action – for forgery and fraud, intentional

17   misrepresentation, and declaratory relief, respectively – are all based on Defendants' allegedly

18   fraudulent securitization of the Loan. Under California law, there is a three-year statute of limitations

19   for fraud and intentional misrepresentation claims. *See, e.g.*, Cal. Code Civ. P. § 338(d); *Ngoc*

20   *Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1036 (N.D. Cal. 2010) (holding that

21   California law prescribes a three-year statute of limitations on fraud claims); *Minichino v. Wells Fargo*

22   *Bank, N.A.*, Case No. C 11-01030 SI, 2011 WL 4715153, at *4 (N.D. Cal. Oct. 7, 2011) (holding that

23   the three-year statute of limitations on fraud applies to forgery claims); *Graebner v. James*, Case No.

24   C 12-01694 WHA, 2012 WL 6156729, at *5 (N.D. Cal. Dec. 11, 2012) ("In California the statute of

25

26        [9] According to Plaintiff's first unlabeled exhibit, notices of default were recorded on February
     1, 2008, April 10, 2008, September 28, 2010, and April 23, 2013, and a Notice of Trustee Sale was
27   recorded on July 13, 2011. RMC Audit, at PDF p. 54. Plaintiff, however, makes no attempt to
     identify or distinguish between the Notices in the Complaint.
28

**BUCKLEYSANDLER LLP**
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL (310) 424-3900 • FAX (310) 424-3960

1  limitations is three years for a fraud or intentional misrepresentation claim."). Under California law, a

2  claim for declaratory relief is tied to the same statute of limitations that applies to the claim upon

3  which it is based. *See, e.g.*, *Manantan v. Nat'l City Mortgage*, Case No. C-11-00216 CW, 2011 WL

4  3267706, at *8 (N.D. Cal. July 28, 2011) ("Plaintiff's declaratory relief causes of action based on

5  fraud are also time-barred [because the] statute of limitations governing a request for declaratory relief

6  is the one applicable to an ordinary legal or equitable action based on the same claim."). Thus,

7  because Plaintiff's claim for declaratory relief is based on his claims for fraud, the same three-year

8  statute of limitations applies. As Plaintiff's Complaint establishes, the securitization of the Loan

9  occurred in May 2005, approximately ten years before Plaintiff filed the Complaint. As a result, all

10  three fraud claims are unquestionably time-barred.

11      Finally, Plaintiff does not allege that any of the applicable statutes of limitations were tolled.

12  *See generally* Compl. It is unclear whether Plaintiff intended to suggest this argument through use of

13  the section header "Newly Discovered Material Information." [10] Compl. p. 19. Plaintiff, however, did

14  not plead, nor even address, equitable tolling or the timeliness of his claims in the body of the

15  Complaint and therefore no tolling may be applied. *See, e.g.*, *Fox v. Ethicon Endo-Surgery, Inc.*, 35

16  Cal. 4th 797, 806 (2005) (stating that under California law, to toll the statute of limitations relying on

17  the discovery rule, a plaintiff must specifically plead facts to show (1) the time and manner of

18  discovery, and (2) the inability to have made earlier discovery despite reasonable diligence).

19  Accordingly, the first, second, third, and fifth causes of action are time-barred and must be dismissed.

20  **V.      PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH
          RELIEF CAN BE GRANTED**

21

22      **A. Plaintiff's First Cause of Action Fails to State a Claim for Breach of the Covenant
          of Good Faith and Fair Dealing.**

23      Plaintiff's first cause of action fails to allege facts sufficient to support his claim that

24  Greenwich breached the covenant of good faith and fair dealing. To adequately assert a claim for

25  breach of the implied covenant of good faith and fair dealing, a plaintiff must allege the following

26

27      [10] Plaintiff's "Newly Discovered Material Information" section is simply his factual

28  background section.

BUCKLEYSANDLER LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

1    elements: "(1) the existence of a contract; (2) the plaintiff did all, or substantially all of the significant

2    things the contract required; (3) the conditions required for the defendant's performance had occurred;

3    (4) the defendant unfairly interfered with the plaintiff's right to receive the benefits of the contract; and

4    (5) the plaintiff was harmed by the defendant's conduct." *Woods v. Google, Inc.*, 889 F. Supp. 2d

5    1182, 1194 (N.D. Cal. 2012). The covenant is implied in every contract and is "aimed at making

6    effective the agreement's promises." *Miller v. California Reconveyance Co.*, Case No. 10-CV-421-

7    IEG (CAB), 2010 WL 2889103, at *3 (S.D. Cal. July 22, 2010). Thus, "the covenant requires that

8    neither party do anything which will deprive the other of the benefits of the agreement." *Id.*

9    "However, the implied covenant does not extend beyond the terms of the contract at issue." *Id.*

10   Plaintiff's claim fails for the simple reason that Plaintiff does not allege any contractual

11   relationship with Greenwich. [11] Instead, Plaintiff merely alleges that "at all times there existed an

12   implied Covenant of Good-Faith and Fair Dealing requiring Defendants, and each of them, to

13   safeguard, protect, or otherwise care for the assets and rights of Plaintiff Morgensen." Compl. ¶ 54.

14   There is no all-encompassing implied covenant that transcends a contractual relationship and

15   somehow binds parties that are many degrees removed from the original contract. Because Plaintiff

16   fails to identify any contractual relationship with Greenwich, his claim for breach of the implied

17   covenant of good faith and fair dealing cannot survive.

18   **B. Plaintiff's Second Cause of Action Fails to State a Claim for Forgery and Fraud.**

19   Plaintiff's second cause of action "for forgery and fraud," [12] seemingly against all Defendants,

20   appears to be based on the theory that the Defendants conspired to securitize the Loan and, in that

21   pursuit, made undefined false representations in unspecified documents. Compl. ¶¶ 60–70. [13] Under

---

[11] *See* discussion *infra* p. 3 and n.5 regarding Plaintiff's failure to allege Greenwich's role in the securitization of the Loan on the face of the Complaint. At most, Greenwich was merely the sponsor or depositor of the Loan and therefore had no contact with Plaintiff or Plaintiff's loan.

[12] Please note that Plaintiff includes "forgery" in the section header for this claim, but fails to develop this aspect of his claim in his actual allegations. Reading Plaintiff's Complaint liberally, it is assumed that Plaintiff intended to allege a claim for fraud.

[13] Plaintiff also seems to imply in this claim that any assignment of the Loan violated the law because it was not properly recorded, presumably because it was securitized, and therefore invalidated the Promissory Note and Deed of Trust. Compl. ¶ 62. But district courts within the Ninth Circuit

**BUCKLEYSANDLER LLP**
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

1  California law, an action for fraud requires that Plaintiff demonstrate the following elements:  (1)

2  misrepresentation, (2) knowledge of falsity, (3) intent to induce reliance, (4) justifiable reliance, and

3  (5) resulting damage.  *See, e.g.*, *Marolda v. Symantec Corp.*, 672 F. Supp. 2d 992, 998 (N.D. Cal.

4  2009); *Lazar v. Super. Ct.*, 12 Cal. 4th 631, 639 (1996).  Moreover, Rule 9(b) of the Federal Rules of

5  Civil Procedure requires allegations of fraud to be stated "with particularity."  The Ninth Circuit

6  further heightens this standard when multiple defendants are involved.  Not only must a plaintiff "state

7  the time, place and specific content of the false representations as well as the identities of the parties to

8  the misrepresentation," *Misc. Serv. Workers, Drivers & Helpers v. Philco-Ford Corp.*, 66 F.2d 776,

9  782 (9th Cir. 1981), the plaintiff must also "at a minimum, identify the role of each defendant in the

10  alleged fraudulent scheme."  *Swartz*, 476 F.3d at 765.

11         Plaintiff utterly fails to allege facts sufficient to demonstrate any of the elements required to

12  plead a fraud claim under even the most lenient pleading standard.  In fact, Plaintiff neglects to

13  identify any specific misrepresentation made by any of the Defendants, let alone Greenwich.  Instead,

14  Plaintiff vaguely alleges that "Defendants and each of them have represented to him that they were the

15  True owners and thus the Holder in due Course of BOTH his ORIGINAL Promissory Note AND the

16  ORIGINAL Deed of Trust, as either the Lender, Trustee, or Beneficiary, regarding his private land

17  and house." Compl. ¶ 67 (sic throughout; emphasis in original).  Plaintiff not only fails to identify the

18  misrepresentations that form the basis of his claim, he fundamentally fails to identify, or even attempt

19  to identify, the "time, place and specific content of the false representation," nor does he "identify the

20  role of each defendant in the alleged fraudulent scheme." *Philco-Ford Corp.*, 66 F.2d at 782; *Swartz*,

21  476 F.3d at 765.  Because Plaintiff fails to identify either the documents or communications that form

22  the basis for this claim, Greenwich can neither determine what purported misrepresentation it made,

23  nor how it did so.  Accordingly, Plaintiff's second cause of action for forgery and fraud should be

24  _____

25  have repeatedly and forcefully declined to recognize this theory. *See, e.g.*, *Gutierrez v. Bank of
    America, N.A.*, Case No. 2:14-cv-01246-TLN-AC, 2015 WL 925703, at *5 (March 3, 2015 E.D. Cal.)

26  (collecting numerous California federal court decisions in which courts held that transfer through the
    securitization process does not require recordation because it does not constitute a sale of the

27  property); *see also Patel v. Mortgage Elec. Registratino Sys., Inc.*, Case No. 4:14-cv-1874 KAW,
    2013 WL 4029277, at *4 (N.D. Cal. Aug. 6, 2013) (same).

28

DEFENDANT GREENWICH CAPITAL FINANCIAL PRODUCTS, INC.'S MOTION TO DISMISS

BUCKLEYSANDLER LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

1    dismissed.

2    **C. Plaintiff's Third Cause of Action Fails to State a Claim for Intentional**

3    **Misrepresentation.**

4    Plaintiff's third cause of action for intentional misrepresentation is entirely duplicative of his

5    claim for fraud and fails for the same reasons set forth in the preceding section. Under California law,

6    the elements for intentional misrepresentation are identical to those for a claim of fraud. *See, e.g.*,

7    *Mitsui O.S.K. Lines, Ltd. V. SeaMaster Logistics, Inc.*, 913 F. Supp. 2d 780, 786 (N.D. Cal. 2012)

8    (listing the elements of a cause of action for fraud after stating "[u]nder California law, the elements

9    of intentional representation (that is, fraud) are . . . "); *see also Anderson v. Deloitte & Touche LLP*, 56

10   Cal. App. 4th 1468, 1474 (1st Dist. 1997) (same). Moreover, this claim requires a heightened

11   pleading standard because Plaintiff's allegation of fraudulent conduct is at its center. *See, e.g.*,

12   *Marolda v. Symantec Corp.*, 672 F. Supp. 2d 992, 998 (N.D. Cal. 2009) ("Because plaintiff's [causes

13   of action] rest on the same common set of facts, an allegation of fraudulent conduct with respect to

14   any one event will ripple through all claims of which the event is an essential component. As a result,

15   such claims will require a heightened pleading standard.").

16   Here, Plaintiff fails to make even the most basic attempt to plead the required elements of an

17   intentional misrepresentation (i.e., fraud) claim. Plaintiff instead lists a number of purported

18   misrepresentations in unidentified "unlawful fraudulent documents signed by unknown employees and

19   not officers." Compl. ¶ 73. What Plaintiff identifies as a list of misrepresentations, however, actually

20   amounts to little more than a list of legal conclusions – without any supporting factual allegations –

21   and a request that the Court order the production of the "original" Promissory Note. *See, e.g.*, Compl.

22   ¶ 73(c) ("When Defendants filed a **VOID** Assignment; the acceleration notice they never complied

23   with the CALIFORNIA FORECLOSURE LAWS and/or the UNIFORM COMMERCIAL CODE

24   (UCC).") (sic throughout; emphasis in original);[14] ¶ 73(d) ("Defendants should be required to provide

25   the ORIGINAL Promissory Note with all appropriate endorsements thereon to Plaintiff and/or to this

26

27   [14] Plaintiff does not identify the "California Foreclosure Laws" or UCC Articles allegedly

28   violated by Defendants.

**BUCKLEYSANDLER LLP**
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

1  Honorable Court . . . .") (emphasis in original).  As with his claim for fraud, Plaintiff makes no

2  attempt to identify the Defendants, documents, communications, or misrepresentations forming the

3  basis of this claim.  Accordingly, like his claim for fraud, Plaintiff's claim for intentional

4  misrepresentation should be dismissed.  *Villagomez v. JPMorgan Chase Bank, N.A.*, Case No.

5  11cv00826 BTM (MDD), 2012 WL 3030357, at *4 (S.D. Cal. July 25, 2012) (dismissing plaintiff's

6  intentional misrepresentation claim because it was "entirely duplicative of [the plaintiff's] claim for

7  fraud" that was also dismissed).

8      **D. Plaintiff's Fourth Cause of Action "To Set Aside a Defective Void and Wrongful**
       **Foreclosure Procedure" Fails to State a Claim.**
9

10      Plaintiff's fourth claim for "wrongful foreclosure procedure" is supported solely by a single

11  nonsensical paragraph that contains no discernible allegations.  Compl. ¶ 75 ("Defendants are an

12  unknown type of individual(s) and/or business entity doing business in the State of California.

13  Defendants who are all persons or entities unknown, claiming some type of legal or equitable right,

14  title, estate, lien or interest in the subject private land and house described in this ACTION-AT-LAW

15  adverse to plaintiff Morgensen's title or any cloud upon his title thereto are individuals and/or

16  unknown business entities doing business in the State of California using its Foreclosure Laws.").

17  Recognizing that "wrongful foreclosure proceedings" is not a cause of action under California law,

18  and construing Plaintiff's Complaint liberally, Greenwich generously reasons that Plaintiff intended to

19  bring a cause of action for "wrongful foreclosure."

20      Regardless, Plaintiff has not pled facts sufficient to establish the elements of a claim for

21  wrongful foreclosure.  Under California law, the elements of an equitable action for wrongful

22  foreclosure are as follows:  "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully

23  oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the

24  party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed;

25  and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered

26  the amount of the secured indebtedness or was excused from tendering."  *Ogilvie v. Select Portfolio*

27  *Servicing*, Case No. 12-cv-001654-DMR, 2012 WL 4891583, at *6 (N.D. Cal. Oct. 12, 2012) (quoting

28  *Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89, 104 (2011)).  Plaintiff has not alleged a single fact to

BUCKLEYSANDLER LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

support even one element of this claim. Notably, Plaintiff has failed to allege that the Property was foreclosed upon. *See, e.g.*, *Zacharias v. U.S. Bank N.A.*, Case No. 14-02186 SC, 2014 WL 4100705, at \*4 (N.D. Cal. Aug. 20, 2014) ("Plaintiff . . . fails to state a claim for wrongful foreclosure because she does not allege a foreclosure sale has taken place") (internal quotations omitted) (collecting cases). Plaintiff has further failed to allege that he was able to tender the amount owed on the mortgage. *See, e.g.*, *Dick v. Am. Home Mortgage Servicing, Inc.*, Case No. 2:13-00201 WBS, 2013 WL 5299180, at \*3 (E.D. Cal. Sept. 18, 2013) ("Plaintiffs do not allege they could have met these obligations, and thus any defects in the foreclosure were not prejudicial to plaintiffs."). Because Plaintiff has failed to allege facts sufficient to support a wrongful foreclosure claim, the fourth cause of action should be dismissed.

### E. Plaintiff's Fifth Cause of Action Fails to State a Claim for Declaratory Relief.

Plaintiff's fifth and final cause of action seeks a declaration as to the rights and duties of the parties. Compl. ¶¶ 78–79.[15] There are two essential elements of a declaratory relief claim: "(1) a proper subject of declaratory relief, and (2) an actual controversy involving justiciable questions relating to the party's rights of obligations." *Reiydelle v. J.P. Morgan Chase Bank, N.A.*, Case No. 12-cv-06543-JCS, 2014 WL 2159010, at \*8 (N.D. Cal. May 20, 2014) (quoting *Jolley v. Chase Home Fin., LLC*, 213 Cal. App. 4th 872, 909 (2013)). "A court has discretion not to issue declaratory relief when its declaration or determination is not necessary or proper at the time under all the circumstances." *Id.* (internal citations omitted).

As a threshold matter, this claim fails because no actual controversy exists between the

[15] Plaintiff's allegations to support this claim are uncertain, ambiguous, and incoherently organized. Following Plaintiff's assertion that he seeks declaratory relief as to the ownership rights and validity of the commencement of the foreclosure process (Compl. ¶¶ 78–79), he proceeds to a page-long citation to the definition of "holder" and "person entitled to enforce" under the California Commercial Code (*Id.* ¶ 81), followed by a bald assertion unsupported by any factual allegations that Defendants are agents of each other (*Id.* ¶ 82), then a statement that the Property "was real property indisputably owned of record by Plaintiff" (*Id.* ¶ 83) and finally an assertion that at some point in time he "autographed" a Deed of Trust (*Id.* ¶ 84). Any connection, if any, between the aforementioned allegations and Plaintiff's claim is not immediately apparent.

BUCKLEYSANDLER LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

1    Plaintiff and Greenwich. *Preciado v. Wells Fargo Home Mortgage*, Case No. 13-00382, 2013 WL

2    1899929, at *6 (N.D. Cal. May 7, 2013). As demonstrated above, Plaintiff's claims are grounded on a

3    theory that has been consistently rejected by the Courts. Because Courts have rejected the theory that

4    securitization of a loan invalidates Defendant's interest in a property, there is no need for a declaration

5    of rights with respect to the property and Plaintiff's fifth cause of action should be dismissed. *See,*

6    *e.g.*, *Singh v. Wells Fargo Bank, N.A.*, 2009 WL 2365881, at *2–3 (N.D. Cal. 2009) (dismissing

7    borrower's declaratory relief claim based on fraud wherein the fraud claim failed); *Mangindin v.*

8    *Washington Mut. Bank*, 637 F. Supp. 2d 700, 707–08 (N.D. Cal. 2009) (holding that "Plaintiff's

9    declaratory relief claim is duplicative and unnecessary" when the relief it seeks "is entirely

10    commensurate with the relief sought through their other causes of action").

## CONCLUSION

12      For the foregoing reasons, Greenwich respectfully requests that Plaintiff's Complaint be

13    dismissed with prejudice under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

BUCKLEYSANDLER LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960

1    DATED:  June 11, 2015                Respectfully submitted,

2                                         BUCKLEYSANDLER LLP

3

4

5    By:        /s/ Fredrick S. Levin
     Fredrick S. Levin (State Bar No. 187603)
6    flevin@buckleysandler.com
     **BuckleySandler LLP**
7    100 Wilshire Blvd, Suite 1000
     Santa Monica, CA 90401
8    Telephone:  (310) 424-3984
     Facsimile:  (310) 424-3960

9    Jessica L. Pollet
     jpollet@buckleysandler.com
10   **BuckleySandler LLP**
     100 Wilshire Blvd, Suite 1000
11   Santa Monica, CA 90401
     Telephone:  (310) 424-3905
12   Facsimile:  (310) 424-3960

13   H. Joseph Drapalski III
     jdrapalski@buckleysandler.com
14   **BuckleySandler LLP**
     100 Wilshire Blvd, Suite 1000
15   Santa Monica, CA 90401
     Telephone:  (310) 424-3996
16   Facsimile:  (310) 424-3960

17   *Attorneys for Defendant Greenwich Capital*
     *Financial Products, Inc.*

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT GREENWICH CAPITAL FINANCIAL PRODUCTS, INC.'S MOTION TO DISMISS

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2015, I electronically filed the foregoing **NOTICE OF APPEARANCE OF COUNSEL** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

N/A

I also certify the document and a copy of the Notice of Electronic Filing was served via U.S. Mail on the following non-CM/ECF participants:

David Alan Morgensen                    Plaintiff Pro Se
c/o 375 Woodland Drive
Scotts Valley, CA 95066


/s/ Fredrick S. Levin
Fredrick S. Levin

**BUCKLEYSANDLER LLP**
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL. (310) 424-3900 • FAX (310) 424-3960