**BUCKLEYSANDLER LLP**
FREDRICK S. LEVIN (State Bar No. 187603)
flevin@buckleysandler.com
JESSICA L. POLLET (State Bar No. 266258)
jpollet@buckleysandler.com
H. JOSEPH DRAPALSKI III (State Bar No. 298791)
jdrapalski@buckleysandler.com
100 Wilshire Boulevard, Suite 1000
Santa Monica, California 90401
Telephone: (310) 424-3900
Facsimile: (310) 424-3960

*Attorneys for Defendant Greenwich Capital Financial Products, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| DAVID ALAN MORGENSEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DOWNEY SAVINGS AND LOAN ASSOCIATION, FA, A CALIFORNIA CORPORATION, U.S. BANK OF CALIFORNIA, AN OREGON CORPORATION, GREENWICH CAPITAL FINANCIAL, INC., A DELAWARE CORPORATION, CENTRAL MORTGAGE COMPANY, DBA CENTRAL MORTGAGE SERVICING COMPANY, and DOES 1 through 10 inclusively,<br><br>　　　　Defendants. | Case No. 5:15-cv-2000-HRL<br><br>**DEFENDANT GREENWICH CAPITAL FINANCIAL PRODUCTS, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Date:　　July 21, 2015<br>Time:　　10:00 A.M.<br>Crtrm.:　 2, 5th Floor<br>　　　　　San Jose Courthouse<br><br>The Hon. Magistrate Judge Howard R. Lloyd |

Nothing in Plaintiff David Alan Morgensen's ("Plaintiff") Opposition (the "Opposition") rebuts the substantive arguments made by Defendant Greenwich Capital Financial Products, Inc.'s ("Greenwich")[1] in its Motion to Dismiss the Complaint (the "Motion"). Instead, Plaintiff's entire Opposition consists of a superficial recitation of the pleading standard for pro se plaintiffs and a demand upon Greenwich's counsel to submit certified copies of various documents, including their "license to practice law" and "oath of office."[2] Because Plaintiff's Opposition fails to address any of the arguments made in the Motion, the Complaint should be dismissed in its entirety.

**ARGUMENT**

**I.  PLAINTIFF'S COMPLAINT FAILS DESPITE THE LIBERAL PLEADING STANDARD APPLIED TO PRO SE PLAINTIFFS' PLEADINGS**

Plaintiff asserts that "pro se/pro per pleadings MAY NOT be held to the same standard as government privileged lawyer's and/or attorney's." Opp. ¶ 3 (sic throughout). Plaintiff then proceeds to argue that because of long-held Supreme Court case law and rights guaranteed by "Yahweh the Creator" he is indeed a pro se plaintiff subject to a generous pleading standard. *Id.* ¶¶ 4–11.

Nowhere within the Motion does Greenwich contend that Plaintiff is not a pro se plaintiff But Plaintiff is not excused from all pleading standards due to the fact that he has chosen to represent

---

[1] In Plaintiff's Complaint and Opposition, he names "Greenwich Capital Financial, Inc." as a defendant. For purposes of this Reply, it is assumed that Plaintiff intended to name "Greenwich Capital Financial Products, Inc." Today, Greenwich Capital Financial Products, Inc. is known as RBS Financial Products Inc.

[2] Plaintiff also passingly mentions in his introduction that Greenwich seeks to have the Court overrule "a well-settled United States Supreme Court decision regarding the fatal separation of the Promissory Note from the Trust Deed or Mortgage." Opp. ¶ 2. Although not stated directly, nor addressed anywhere else in the Opposition, Greenwich infers that Plaintiff may have intended to challenge Greenwich's argument that Plaintiff erroneously relied upon an 1872 Supreme Court decision, *Carpenter v. Longan*, 83 U.S. 271 (1872). As thoroughly explained in Part II of Greenwich's Motion to Dismiss, Plaintiff relies almost entirely upon this case, yet courts across the country have repeatedly held that the decision is frequently misapplied by plaintiffs and that its holding is "obsolete and antiquated" because it has "no relevance . . . in this modern day and age" when a deed of trust is regularly sent to an electronic title holding company for storage and transfer. *See, e.g.*, *Heflebower v. JPMorgan Chase Bank, NA*, Case No. 1:12-cv-01671-AWI-SMS, 2013 WL 5476806, at *8–9 (E.D. Cal. Sept. 30, 2013). Greenwich does not argue that the Court should overrule Supreme Court precedent; Greenwich argues that *Carpenter* is simply irrelevant in the present action.

---

BUCKLEYSANDLER LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL (310) 424-3900 • FAX (310) 424-3960

himself in this matter. *See, e.g.*, *Hebbe v. Pliler*, 627 F.3d 338, 341–42 (9th Cir. 2010). Although pro se pleadings are to be liberally construed, a pro se plaintiff must still present factual allegations sufficient to state a plausible claim for relief. *Id*. Here, as thoroughly articulated in the Motion, Plaintiff has failed to do so. *See, e.g.*, Motion, Part II(B). Indeed, Plaintiff's Complaint is so conclusory and devoid of factual support that it cannot survive the Motion, even in light of the more liberal standard applied to pro se pleadings.

## II. PLAINTIFF HAS NO AUTHORITY TO DEMAND DOCUMENTS FROM COUNSEL FOR GREENWICH

Plaintiff next seems to request judicial notice of various provisions of the California Business and Professions Code (the "Business and Professions Code") and California Rules of Court (the "Rules of Court") regarding the licensing of attorneys, and then "demands" that counsel for Greenwich submit certified copies of their "***California state issued*** License to Practice Law in the State of California, with their OATH OF OFFICE . . . affixed to the back" and "Constitutionally mandated Surety, Security, or Performance Bond to Constitutionally show who or what will be financially responsible to pay Damages for any injuries sustained by Plaintiff Morgensen." Opp. ¶¶ 13–21 (emphasis in original). These demands reflect an apparent attempt by Plaintiff to reveal counsel for Greenwich as unlicensed and, thus, acting in violation of numerous provisions of the Business and Professions Code and the Rules of Court – all of which Plaintiff cites in their entirety. *Id.* ¶¶ 14–18.

The Business and Professions Code and Rules of Court together govern the practice of law in California, but this fact alone does not somehow create a mechanism by which parties to an action may request certified copies of various ambiguously described documents from opposing counsel. Plaintiff fails to cite any case law, any provision in the Business and Professions Code, or any provision in the Rules of Court to serve as the basis for his "demands." *See generally* Opp. Because counsel for Greenwich is otherwise unaware of any precedent or authority for Plaintiff's demands, counsel for Greenwich rejects Plaintiff's demands in the absence of additional instruction from the

**BUCKLEYSANDLER LLP**
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL (310) 424-3900 • FAX (310) 424-3960

Court.[3] Moreover, even if Plaintiff were able to point to a plausible basis for these demands, which Plaintiff has not, Plaintiff has failed to adequately explain which documents he demands and in what manner they should be provided.

## **CONCLUSION**

For these reasons and those articulated in Greenwich's Motion to Dismiss, Greenwich respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety with prejudice.

---

[3] In an abundance of caution, counsel for Greenwich requests that the Court take judicial notice of the California State Bar's records, posted on its official website, which show that Fredrick S. Levin (State Bar No. 187603), Jessica L. Pollet (State Bar No. 266258), and H. Joseph Drapalski III (State Bar No. 298791) are all admitted to practice law in California. *See, e.g.*, *Silvester v. Harris*, No. 1:11-CV-2137 AWI SAB, 2014 WL 7239371, at *6 n.4, n.5, n.7, n.9 (E.D. Cal. Dec. 17, 2014) (judicially noticing California State Bar webpage and entries for individual attorneys).

DEFENDANT GREENWICH CAPITAL FINANCIAL PRODUCTS, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS

BUCKLEYSANDLER LLP
100 WILSHIRE BOULEVARD, SUITE 1000
SANTA MONICA, CALIFORNIA 90401
TEL (310) 424-3900 • FAX (310) 424-3960

1  DATED:  July 2, 2015                    Respectfully submitted,

2                                          BUCKLEYSANDLER LLP

3

4

5                                          By:  /s/ Fredrick S. Levin
                                                Fredrick S. Levin (State Bar No. 187603)
                                                flevin@buckleysandler.com
6                                               **BuckleySandler LLP**
                                                100 Wilshire Blvd, Suite 1000
7                                               Santa Monica, CA 90401
                                                Telephone:  (310) 424-3984
8                                               Facsimile:  (310) 424-3960

9                                               Jessica L. Pollet
                                                jpollet@buckleysandler.com
10                                              **BuckleySandler LLP**
                                                100 Wilshire Blvd, Suite 1000
11                                              Santa Monica, CA 90401
                                                Telephone:  (310) 424-3905
12                                              Facsimile:  (310) 424-3960

13                                              H. Joseph Drapalski III
                                                jdrapalski@buckleysandler.com
14                                              **BuckleySandler LLP**
                                                100 Wilshire Blvd, Suite 1000
15                                              Santa Monica, CA 90401
                                                Telephone:  (310) 424-3996
16                                              Facsimile:  (310) 424-3960

17                                              *Attorneys for Defendant Greenwich Capital
                                                Financial Products, Inc.*
18

19

20

21

22

23

24

25

26

27

28

DEFENDANT GREENWICH CAPITAL FINANCIAL PRODUCTS, INC.'S REPLY IN SUPPORT OF
MOTION TO DISMISS

# CERTIFICATE OF SERVICE

I hereby certify that on July __, 2015, I electronically filed the foregoing **DEFENDANT GREENWICH CAPITAL FINANCIAL PRODUCTS, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

N/A

I also certify the document and a copy of the Notice of Electronic Filing was served via U.S. Mail on the following non-CM/ECF participants:

David Alan Morgensen         Plaintiff Pro Se
c/o 375 Woodland Drive
Scotts Valley, CA 95066

/s/ Fredrick S. Levin
Fredrick S. Levin

**BUCKLEYSANDLER LLP**
100 Wilshire Boulevard, Suite 1000
Santa Monica, California 90401
Tel (310) 424-3900 • Fax (310) 424-3960