David Alan Morgensen
c/o 375 Woodland Drive
Scotts Valley, California 95066

Phone 408-466-9311
No Fax

In Pro Se

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| David Alan Morgensen, an individual<br><br>Plaintiff,<br><br>vs.<br><br>DOWNEY SAVINGS AND LOAN ASSOCIATION, FA, A CALIFORNIA CORPORATION, U.S. BANK OF CALIFORNIA, AN OREGON CORPORATION, GREENWICH CAPITAL FINANCIAL, INC., A DELEWARE CORPORATION, CENTRAL MORTGAGE COMPANY, DBA CENTRAL MORTGAGE SERVICING COMPANY, and DOES 1 through 10 inclusively;<br><br>Defendants. | Case No. 5:15-cv-2000-HRL<br><br>VERIFIED DISCOVERY REQUEST FOR ADMISSIONS<br>Set No. 1<br><br>Courtroom: 2, 5th Floor<br>San Jose Courthouse<br><br>Judge: The Honorable Magistrate Judge HOWARD R. LLOYD |

PROPOUNDING PARTY:     Plaintiff:     David Alan Morgensen

RESPONDING PARTY:     Defendant:     Chief Financial Officer, (CFO) of DOWNEY SAVINGS AND LOAN

---

1
VERIFIED DISCOVERY REQUEST FOR ADMISSIONS

ASSOCIATION, FA,
A CALIFORNIA CORPORATION,

Chief Financial Officer, (CFO) of
U.S. BANK OF CALIFORNIA, AN
OREGON CORPORATION,

Chief Financial Officer, (CFO) of
GREENWICH CAPITAL
FINANCIAL, INC., A DELEWARE
CORPORATION,

Chief Financial Officer, (CFO) of
CENTRAL MORTGAGE
COMPANY, DBA CENTRAL
MORTGAGE SERVICING
COMPANY.

**SET NUMBER: ONE (1)**

1. COMES NOT: the living, human, man, David Alan Morgensen as lawfully distinguished from the federal, corporate, dead legal entity, identified as DAVID ALAN MORGENSEN or any other UPPER CASE derivative thereof,

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2. I, Plaintiff, David Alan Morgensen (hereinafter, "Plaintiff", "I", "me", "my") in my Private Capacity, hereby requests that Defendants:

DOWNEY SAVINGS AND LOAN
ASSOCIATION, FA,
A CALIFORNIA CORPORATION,

U.S. BANK OF CALIFORNIA, AN
OREGON CORPORATION,

GREENWICH CAPITAL
FINANCIAL, INC., A DELEWARE
CORPORATION,

CENTRAL MORTGAGE
COMPANY, DBA CENTRAL
MORTGAGE SERVICING
COMPANY.

(hereinafter, "Defendant", "YOU", "YOUR") through your Chief Financial Officer (CFO), admit the truthfulness of the following REQUESTS FOR ADMISSIONS fully in writing and under oath, and that the responses be served upon Plaintiff at the above post location, within ten (10) days after service of said REQUEST FOR ADMISSIONS.

3. In answering these Requests, furnish all the information available to YOU, including information in the possession of any employee or agent of Defendant or Defendant's Attorney of Record. Defendant is required to exercise due diligence to secure the information necessary to answer these requests. Defendant MAY NOT refuse to admit or deny a REQUEST FOR ADMISSION based upon lack of personal knowledge if the information relevant to the request is reasonably available to Defendant. If any of these requests cannot be answered in full, please answer to the extent possible, specifying the reasons for the inability to fully answer the request, and state whatever information or knowledge is available to YOU.

4. It is well-settled American Law and Jurisprudence that the legal meanings of words and phrases in court documents are critical for understanding the issues at hand. Therefore David Alan Morgensen states as follows:

## DEFINITIONS

For the purposes of this request for admissions, the following definitions are employed:

5. YOU", "YOUR", "YOURSELF", "DEFENDANT," henceforth means:

> DOWNEY SAVINGS AND LOAN ASSOCIATION, FA,
> A CALIFORNIA CORPORATION,
>
> U.S. BANK OF CALIFORNIA, AN OREGON CORPORATION,
>
> GREENWICH CAPITAL FINANCIAL, INC., A DELEWARE CORPORATION,
>
> CENTRAL MORTGAGE COMPANY, DBA CENTRAL MORTGAGE SERVICING COMPANY.

and any agent, attorney, accountant, or anyone acting on their behalf.

6.   "Plaintiffs" means David Alan Morgensen.

7.   "DOCUMENT" as used herein is defined as documents, records, books, papers, contracts, memoranda, invoices, correspondence, notes, photographs, drawings, charts, graphs, other writings, recording tapes, recording discs, mechanical or electronic information storage or recording elements (including any information stored on a computer), and any other "documents" as defined in Rule 34 of the Federal Rules of Civil Procedure. If a DOCUMENT has been prepared in several copies, or additional copies have been made that are not identical (or are no longer identical by reason of subsequent notation or other modification of any kind whatever); each non-identical copy is a separate DOCUMENT.

8.   "PERSON" includes a Statutory or Juristic person, an individual, legal entity, general or limited partnership, joint stock company, unincorporated association or society, municipal or other corporation, incorporated association, limited liability partnership, trust, foundation, or limited liability company.

9.   "PRIVATE LAND" means that which belongs exclusively to one; in the strict legal sense, an aggregate of sovereign allodial rights which are guaranteed and protected by the government through its own Land Patent. The term is said to extend to every species of valuable right and interest. More specifically, ownership; the unrestricted and exclusive right to a thing; to possess it, to use it, and to exclude everyone else from interfering with it. The exclusive right of possessing, enjoying, and disposing of a thing. The highest right a man can have to anything; being used for that right which one has to lands or tenements, goods or chattels, which no way depends on another man's courtesy.

10.   "Morgensen's PRIVATE LAND" means the land situated in the original, underlying Santa Cruz County, State of California, and is described as follows:

PARCEL I:
Being a portion of Lots 4 and 5, as shown upon that certain map entitled,
"Record of Survey Map of Lands in the S.W. 1/4 of Section 33, T. 9 S. R. 1 W.,
M.D.B. & M., Santa Cruz County, California", filed for record June 27, 1955 in
Volume 33 of Maps, Page 29, Santa Cruz County Records and more particularly

described as follows:

Beginning in the middle of a right of way 40 feet in width as shown on the above entitled map of the most Southern corner of the lands contained in the deed from Joe Ferioli, et UX, to Robert E. Conway, et ux, recorded July 15, 1960, in Volume 1330, Page 599, Official Records of Santa Cruz County; running thence from said point of beginning, leaving said right of way and along the Southern boundary of said lands of Conway and along the lands contained in the Deed to Robert Conway, et ux., by Deed recorded June 1, 1959, in Volume 1249, Page 445, Official Records of Santa Cruz County, North 63 " 24' 20" East 210.99 feet to the Southeastern corner of the last mentioned lands of Conway; thence along the Southerly prolongation of the Eastern line of the last mentioned lands of Conway South 0' 43' West 273.01 feet to the Northeastern corner of the lands contained in the Deed to Richard D. Remick, et UX., recorded July 1, 1960, in Volume 1328, Page 149, Official Records of Santa Cruz County; thence along the Northern line of said lands of Remick, North 70 23' 10" West 150.00 feet to an angle; thence North 12 ' 10' 50" West 53.30 feet to the centerline of said first mentioned 40 foot right of way; thence leaving the lands of Remick and along the centerline of said 40 foot right of way North 4· 11' 30" East 37.52 feet to an angle and thence North 59° 32' 30" West 35.00 feet to the place of beginning.

PARCEL II:

Being a part of Lot 5, as shown on the map entitled, "Record of Survey Map of lands in the S.W. 1/4 of Section 33 T. 9 S. R. 1 W., M.D.B.& M., Santa Cruz County, California", filed for record June 27, 19 55, in Volume 23 of Maps, Page 29, Santa Cruz County Records and further described as follows:

Beginning on the East line of said Lot 5, at a station from which the Southeast corner of said Lot 5 bears South O· 43' West 40.0 feet distant; thence along the East line of said Lot 5, North O' 43' East 10 feet, more or less, to the point of intersection thereof with a line parallel and distant 10 feet at right angles from the Southeasterly line and the Northeasterly prolongation of the Southeasterly line of that certain parcel of land described in the Deed to Steven B. Dudley, et UX., recorded January 19, 1966, in Volume 1741, Page 129, Official Records of Santa Cruz County; thence Southwesterly along said parallel line to the point of intersection thereof with the Southwesterly line of said Parcel; thence South 26 " 28' 35" East along said Southwesterly line 10 feet, more or less, to the most Southerly corner of said Parcel; thence North 65 " 27' East along the Southeasterly line of said Parcel to the point of beginning.

PARCEL III:

Being a part of Section 33, Township 9 South, Range 1 West, M.D.B. & M., and being also a part of the lands conveyed to Richard D. Remick, et ux., by Deed recorded September 10, 1959, in Volume 1270, of Official Records, at Page 185, Santa Cruz County Records, and further bounded and described as follows:

VERIFIED DISCOVERY REQUEST FOR ADMISSIONS

Beginning at the 1/16th Section Line East and West through the Southwest quarter of said Section 33, at a station from which the Northeast corner of lands conveyed to Chet Mantor, et ux., by Deed recorded August 10, 1960, in Volume 1335, of Official Records, at Page 402, Santa Cruz County Records, bears North 89' 59' West 105.7 feet distant; thence South 0 43' West 32.2 feet; thence Southwesterly 117 feet, more or less, to the Southeast corner of said lands conveyed to Mantor, thence along the East boundary of lands shown on Record of Survey Map filed in Volume 33 of Maps, at Page 29, Santa Cruz County Records, South 0' 43' West 572.34 feet to the Southeast corner of the lands conveyed to Robert Conway, et ux., by Deed recorded June, 1959, in Volume 1249, of Official Records, at Page 445, Santa Cruz County Records, thence South 89" 59' East 163.7 feet to the East boundary of said land of Remick; thence along said East boundary, North 0" 43' East 661.34 feet to the Northeast corner thereof, on said 1/16 section line; thence North 89' 59' West 60 feet to the place of beginning.

Excepting therefrom so much of the herein described land as conveyed to James M. Lawson, et ux., by Deed recorded January 30, 1968, in Volume 1862, of Official Records, at Page 281.

Also excepting therefrom so much of the herein described land conveyed as conveyed to
Dion L. Johnson, et ux., Deed recorded April 16, 1969 in Volume 1945, of Official Records, at Page 215.

11. "FORECLOSURE" means the events and consequences of a threatened Foreclosure Sale held against Plaintiff Morgensen's Private Land.

12. "COMMUNICATION(S)" means letters, written correspondence, verbal conversations by telephone and in person, e-mails, electronic correspondence, facsimiles, meetings, conferences, and each and every mode of verbal and written communication.

13. "DEBT" means "A sum of money due by certain and express agreement; as by bond for a determinate sum, a bill or note, a special bargain, or a rent reserved on a lease, where the amount is fixed and specific, and does not depend upon any subsequent valuation to settle it." *Black's Law Dictionary*, 4th Ed., p. 490.

14. "CREDITOR" means a legal entity to whom a Debt is owing by another legal entity who is the "DEBTOR"; One who has a right to require the fulfillment of an obligation or contract; one to whom money is due, and, in ordinary acceptation, has

reference to financial or business transactions. *Black's Law Dictionary*, 4th Ed., p. 441.

15. "DEBTOR" means "One who owes a Debt; he who may be compelled to pay a claim or demand. Anyone liable on a claim, whether due or to become due." *Blacks' Law*, supra, p. 492.

16. "ATTORNEY" means:       **BUCKLEYSANDLER LLP**
**FREDRICK S. LEVIN (SBN 187603)**
**JESSICA L. POLLET (SBN 266258)**
**H. JOSEPH DRAPALISKI III (SBN 298791)**
Located at: **100 Wilshire Boulevard, Suite 1000, Santa Monica, California 90401.**

17. "TRANSACTION" means the DOCUMENTS that were executed and the events that transpired, on or about March15, 2005 wherein Plaintiffs allegedly created a Debt by executing an alleged original PROMISSORY NOTE and an alleged original DEED OF TRUST, among other alleged DOCUMENTS for the purchase of the Morgensen's Private Land.

18. "PROMISSORY NOTE" means the alleged Original Promissory Note, allegedly executed by Plaintiff on or about March15, 2005.

19. "ACCOUNT" means YOUR bank and bookkeeping account(s) used to fund the TRANSACTION and to accept funds from Plaintiff Morgensen in payment on the alleged original Promissory Note.

20. "LENDER" means specifically and exclusively, the personal pronoun, "Lender", named in the alleged original Promissory Note, and does <u>NOT</u> mean the same as a Lender of actual Money.

21. "BORROWER" means specifically and exclusively, the personal pronoun, "Borrower", named in the alleged original Promissory Note, and does <u>not</u> mean the same as a Borrower of actual Money.

22. "LOAN" means. advance of money with an absolute promise to repay, *Bankers Mortgage Co. v. Commissioner of Internal Revenue,* C.C.A. Tex., 142 F.2d 130, 131.; contract whereby one delivers money to another who agrees to return equivalent sum. *Easter Oil Corporation v. Strauss,* Tex. Civ.App., 52 S.W.2d 336, 340; *Shaw v.*

7
**VERIFIED DISCOVERY REQUEST FOR ADMISSIONS**

*McShane*, Tex.Com.App., 50 S.W.2d 278, 282; debts arising from borrowing of money, *Lawrie v. Miller*, Tex. Com.App., 45 S.W.2d 172, 173; delivery by one party and receipt by another party of money on agreement, express or implied, to repay money with or without interest, *Parsons v. Fox*, 179 Ga. 605, 176 S.E. 642; 0. *A. Graybeal Co. v. Cook*, 111 Cal.App. 518, 295 P. 1088, 1092; deposit of money by a customer with banker, *Gimbel Bros. v. White*, 10 N.Y.S.2d 666, 667, 256 App. Div. 439; deposit on time certificates, *Carroll v. Eblc•n*, 178 Tenn. 146, 156 S. W.2d 412, 415; that which one lends or borrows, *In re Lalla's Estate*, 362 Ill. G21, 1 N. E.2d 50, 53; transaction creating customary relation of borrower and lender, *Bannock County v. Citizens' Bank & Trust Co.*, 53 Idaho 159, 22 P.2d 674.

23. The four elements of a "LOAN" are, [1] a principal sum, [2] a placing of the sum with a safe borrower, [3] an agreement that interest is to be paid, and [4] a recognition by receiver of money of his liability for return of the principal amount with accrued interest. *McLendon v. Johnson*, 71 Ga.App. 424, 31 S.E.2d 89, 92.

24. "DEED OF TRUST" means the alleged original Deed of Trust, allegedly created by Plaintiffs acting as grantors, on or about March 21, 2005, and recorded in the Official Records of Santa Cruz County, State of California on March 22, 2005, as Instrument No. 2005-0018680.

25. "TRUSTEE" means the Trustee as named in the alleged original Deed of Trust, or whatever Person is presently acting as Trustee via substitution or appointment as successor Trustee.

26. "CLAIM" means the claim by FNMA against Plaintiff for payment of an alleged Debt in the amount of $770,000.00, allegedly secured by the alleged original Deed of Trust recorded in the Official Records of Santa Cruz County, State of California on March 22, 2005, as Instrument No. 2005-0018680.

27. "EXCHANGE" means, to part with, give or transfer for an equivalent. *Kessler v. United States*, C.C.A.Pa., 124 F.2d 152, 154; *Dairymen's League Co-op. Ass'n v. Metropolitan Casualty Ins. Co. of New York*, Sup., 8 N.Y.S. 2d 403, 412.

28. "ACCOUNT" means the bank and bookkeeping accounts, which were set up by the alleged original Lender, or their agents, to deposit and account for payments from the Plaintiff.

29. REFER(ED) or RELATE(ED) TO means anything that constitutes, contains, embodies, evidences, reflects, identifies, states, refers to, discusses, describes, analyzes, explains, deals with, bears on, or is in any way pertinent to that subject.

30. "EVIDENCE" means "Any species of proof, or probative matter, legally presented at the trial of an issue, by the act of the parties and through the medium of witnesses, records, documents, concrete objects, etc., for the purpose of inducing belief in the minds of the court or jury as to their contention." *Blacks' Law,* supra, p. 656. "Documents and other exhibits which may properly be submitted to jury are evidence." Madison v. State, 138 Fla. 467, 189 So. 832, 835. "Whatever is received to establish or disprove an alleged fact." In re Seigle's Estate, 26 N.Y.S.2d 410, 413.

31. "IDENTIFY," with respect to a DOCUMENT means to state the date of such DOCUMENT, if any; a general description thereof; name the signer, preparer or sender thereof; state its present location and name its custodian; and state descriptive information of sufficient particularity to enable it to be subject to a Subpoena Duces Tecum or DISCOVERY - Request for the Production of Documents, Papers, and Things.

32. "AFFIDAVIT" means a true, correct and complete, written statement of Facts confirmed by oath or affirmation, taken before an officer having authority to administer such oath, for use as Evidence in court. The one executing the Affidavit must be over the age of 18, must have firsthand knowledge of the facts therein stated, must swear to the truth of the facts under penalty of perjury, and must be willing to testify in a Court of Record regarding the said facts in a court of law.

33. For common terms undefined here, YOU are to REFER to *Random House Webster's Unabridged Dictionary*, 2nd Ed.; and *Black's Law Dictionary*, 4th, 5th or 6th Ed. for legal terms.

## REQUEST FOR ADMISSIONS STANDING

34. ADMIT THAT: YOU are NOT the Real Party in Interest regarding YOUR CLAIM against Plaintiff. ADMIT OR DENY.

35. ADMIT THAT: YOU have absolutely NO LAWFUL STANDING to initiate Foreclosure proceedings against Plaintiff. ADMIT OR DENY.

36. ADMIT THAT: a Summons has been served properly on Defendants in this case. ADMIT OR DENY.

37. ADMIT THAT: the copy of the alleged original Promissory Note was separated from the the original Deed of Trust against FAS 140 and was NOT destroyed pursuant to well-settled American Law and Jurisprudence. ADMIT OR DENY.

38. ADMIT THAT: the "Lender" named in the alleged original Promissory Note, is not therein defined as a lender of actual money. ADMIT OR DENY.

39. ADMIT THAT: the "Borrower" named in the alleged original Promissory Note, is not therein defined as a borrower of actual money. ADMIT OR DENY.

40. ADMIT THAT: the YOU are not the "Lender" named in the alleged original Promissory Note, which is the subject of this case. ADMIT OR DENY.

41. ADMIT THAT: the original "Lender" named in the alleged original Promissory Note, has not transferred possession of said alleged original Promissory Note or any rights thereunder to YOU. ADMIT OR DENY.

42. ADMIT THAT:, YOU never received a legal assignment of any DOCUMENT evidencing a Debt owed by Plaintiff. ADMIT OR DENY.

43. ADMIT THAT: YOU are not in actual possession of the alleged original Promissory Note. ADMIT OR DENY

44. ADMIT THAT: YOU are not the Holder in Due Course of the alleged original Promissory Note. ADMIT OR DENY.

45. ADMIT THAT: YOU are not the actual owner of the alleged original Promissory Note. ADMIT OR DENY.

46. ADMIT THAT: YOU did not have actual physical possession of the allege

VERIFIED DISCOVERY REQUEST FOR ADMISSIONS

original Promissory Note prior to filing the Unlawful Detainer Complaint in this case. ADMIT OR DENY.

47. ADMIT THAT: YOU are not in actual physical possession of the alleged original Deed of Trust. ADMIT OR DENY.

48. ADMIT THAT: YOU lost or destroyed the alleged original Promissory Note with an alleged copy of which is submitted into the court record. ADMIT OR DENY.

49. ADMIT THAT: the copy of the alleged original Promissory Note in YOUR possession IS NOT a true, correct and complete copy of any alleged original Promissory Note executed by Plaintiff. ADMIT OR DENY.

50. ADMIT THAT: the copy of the alleged original Promissory Note in YOUR possession, includes no allonge showing any assignment to YOU. ADMIT OR DENY.

51. ADMIT THAT: the alleged original Promissory Note at issue in this action is not a negotiable instrument under California statutes because it is governed by and subject to the HUD default loan servicing and loss mitigation regulations, 24. C.F.R. 203 subpart C. FEDERAL/CALIFORNIA DEBT COLLECTION PRACTICES ACT. ADMIT OR DENY.

52. ADMIT THAT: no paper showing any assignment of the alleged original Promissory Note in this instant case to YOU ever existed. ADMIT OR DENY.

53. ADMIT THAT: YOUR company's claim of "Holder In Due Course," status of the alleged monetary instrument, alleged Deed of Trust, alleged original Promissory Note and/or asset, and is holding such instrument(s) in compliance with State and Federal law, and is actually entitled to the benefits of payments ADMIT OR DENY.

54. ADMIT THAT:, YOUR company's claim of Holder In Due Course status of the alleged monetary instrument, alleged Deed of Trust, alleged Promissory Note and/or asset, is actually entitled to the benefits of payments in compliance with State and Federal law. ADMIT OR DENY.

55. ADMIT THAT: YOU have no valid contract with Plaintiff.. ADMIT OR DENY.

56. ADMIT THAT: YOU are not the Creditor in this matter. ADMIT OR DENY.

57. ADMIT THAT: the Plaintiff is the Creditor in this matter. ADMIT OR DENY.

58. This document is executed by the voluntary act of my own hand in Santa Cruz County, State of California, and is dated this thirty First day of the seventh month, in the year two thousand fifteen, Anno Domini, in the two-hundred and thirty-ninth year of the Independence of America.

_____
David Alan Morgensen, In Pro Se
Authorized Representative of:
DAVID ALAN MORGENSEN
(Legal distinction being made on the Record)

### VERIFICATION

I, the undersigned, declare that: I have read the foregoing document entitled: **VERIFIED DISCOVERY REQUEST FOR ADMISSIONS, Set No. 1.** and know the contents thereof.

I am a party to the above entitled action or proceeding, and certify that the matters stated therein are facts of My own knowledge.

Executed by the voluntary act of My own hand in old original, underlying, Santa Cruz County, State of California, and dated this thirty First day of the seventh month, in the year two thousand and fifteen, Anno Domini, in the two-hundred and thirty-ninth year of the Independence of America.

_____
David Alan Morgensen, In Pro Se
Authorized Representative of:
DAVID ALAN MORGENSEN
(Legal distinction being made on the Record)

## PROOF OF SERVICE BY MAIL

In the State of California, Santa Clara County.

I, the undersigned, herein declare that I am over the age of eighteen years and NOT a party to the within entitled action.

I hereby declare under the penalty of perjury in the State of California and *these* United States of America that I served the foregoing document entitled: **VERIFIED DISCOVERY REQUEST FOR ADMISSIONS, Set No. 1.** on the opposing party(ies) by depositing in a Mail Box maintained by the United States Postal Service with postage prepaid, and addressed as follows:

> BUCKLEYSANDLER LLP
> FREDRICK S. LEVIN (SBN 187603)
> JESSICA L. POLLET (SBN 266258)
> H. JOSEPH DRAPALISKI III (SBN 298791)
> 100 Wilshire Boulevard, Suite 1000
> Santa Monica, California 90401

I declare under the penalty of perjury of the Laws of the State of California and *these* United States of the America, that the foregoing is correct and complete to the best of my knowledge, information and belief, and that this verification is executed by the voluntary act of my own hand in the original, underlying Santa Clara County and is dated this thirty First day of the seventh month, in the year two thousand fifteen, Anno Domini, in the Two-Hundred and thirty-ninth year of the Independence of the America.

Ali Haider    [signature]

4722 Harwood Rd

San Jose, CA 95124