UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

DAVID ALAN MORGENSEN,

    Plaintiff,

v.

DOWNEY SAVINGS AND LOAN ASSOCIATION, FA, A CALIFORNIA CORPORATION; U.S. BANK OF CALIFORNIA, AN OREGON CORPORATION; GREENWICH CAPITAL FINANCIAL, INC., A DELAWARE CORPORATION; CENTRAL MORTGAGE COMPANY, DBA CENTRAL,

    Defendants.

Case No. 5:15-cv-02000-HRL

**ORDER GRANTING GREENWICH CAPITAL FINANCIAL PRODUCTS, INC.'S MOTION TO DISMISS THE COMPLAINT**

Re: Dkt. No. 7

Pro se plaintiff David Alan Morgensen sues for various alleged violations in connection with the non-judicial foreclosure proceedings of certain real property located in Scotts Valley, California.[1] The complaint and appended documents indicate that on March 15, 2005, plaintiff obtained a $770,000 loan from Downey Savings and Loan Association, FA, secured by a deed of trust on real property located at 375 Woodland Drive, Scotts Valley, CA 95066 (Property).

---

[1] Although the complaint does not expressly say so, jurisdiction ostensibly is based on diversity, 28 U.S.C. § 1332. Defendant Downey Savings and Loan Association is identified in the pleading as a California corporation. However, it is this court's understanding that Downey was acquired by U.S. Bank, N.A., which is based in Ohio.

(Complaint ¶¶ 19, 83; Dkt. 1-1 at 18). Pursuant to Fed. R. Civ. P. 12(b)(6), defendant Greenwich Capital Financial Products, Inc. (Greenwich)[2] moves to dismiss the complaint. Plaintiff opposes the motion. The matter was deemed submitted without oral argument. Dkt. 14. Upon consideration of the moving and responding papers,[3] the court grants defendant's motion with limited leave to amend.[4]

## LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. Id. (citing Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Moreover, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

---

[2] The complaint names "Greenwich Capital Financial, Inc." as a defendant. Greenwich says it assumes that plaintiff intended to name "Greenwich Capital Financial Products, Inc." and advises that Greenwich Capital Financial Products, Inc. is now known as RBS Financial Products, Inc.

[3] Plaintiff filed an unauthorized sur-reply on July 9, 2015. Civ. L.R. 7-3(d). The court has read and considered his improper filing. Nevertheless, the court does not condone plaintiff's failure to abide by the rules, and he is admonished to comply with the court rules and orders that all litigants are obliged to follow. If he persists in making such improper filings in the future, those filings will not be considered and will be stricken from the record.

[4] Plaintiff and Greenwich currently are the only parties before the court, and both have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. There is no indication that any other defendants have been served. See Neals v. Norwood, 59 F.3d 530, 532 (5th Cir. 1995) (unserved defendants are not deemed to be "parties" to an action within the rules requiring consent to magistrate judge jurisdiction); see also Merino v. Saxon Mortgage, Inc., No. C10-05584, 2011 WL 794988 at *1, n. 1 (N.D.Cal., Mar. 1, 2011) (Laporte, J.) (same).

claim showing that the pleader is entitled to relief." This means that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted) However, only plausible claims for relief will survive a motion to dismiss. Iqbal, 129 S.Ct. at 1950. A claim is plausible if its factual content permits the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 1949.

Documents appended to the complaint or which properly are the subject of judicial notice may be considered along with the complaint when deciding a Fed. R. Civ. P. 12(b)(6) motion. Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

While leave to amend generally is granted liberally, the court has discretion to dismiss a claim without leave to amend if amendment would be futile. Rivera v. BAC Home Loans Servicing, L.P., 756 F. Supp.2d 1193, 1997 (N.D. Cal. 2010) (citing Dumas v. Kipp, 90 F.3d 386, 393 (9th Cir. 1996)).

## DISCUSSION

In opposition to defendants' motion, plaintiff simply argues that pro se pleadings are not to be held to the same standard as those of represented parties.[5] Plaintiff's pro se status, however, does not mean that he is excused from the requisite pleadings standards, and he must still allege sufficient facts to state a plausible claim for relief. For the reasons discussed below, even liberally construing plaintiff's allegations, this court finds that his complaint fails to state a claim for relief.

---

[5] Plaintiff's opposition papers otherwise ask the court to take judicial notice of various provisions of the California Business and Professions Code and the California Rules of Court concerning the licensing of attorneys. Plaintiff argues that defense counsel should be required to produce proof of their California law licenses "[i]n order to prove they have standing to represent any named Defendants . . .." (Opp. at 5). That request is unfounded and unnecessary. A review of the State Bar of California's records posted on its website at http://members.calbar.ca.gov shows that each of Greenwich's attorneys of record is an active licensed member of the bar. This court takes judicial notice of those records. Fed. R. Evid. 201.

3

Greenwich argues that the complaint's allegations are impermissibly vague. The court agrees. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," meaning that the complaint must provide "the defendant [with] fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Here, plaintiff's complaint presents a hodgepodge of rambling allegations. For example, he cites to various provisions of the Uniform Commercial Code ("UCC"), seemingly at random, without making allegations or claims having a clear connection to the instant case. (See, e.g., Dkt. 1, Complaint ¶¶ 27, 45-49). In other places, the complaint raises new issues or subjects in the midst of an entirely unrelated discussion, without any explanation or attempt to connect the subjects. (See, e.g., Id. ¶¶ 18, 26, 30, 99). The complaint also refers to all defendants together without distinguishing between them and makes vague reference to unidentified "[d]ocuments . . . served on Plaintiff Morgensen not providing any true beneficiary and/or Trustee." (Complaint ¶ 73). These allegations are insufficient to permit determination which allegations, if any, are intended to support plaintiff's claims. Accordingly, plaintiff's complaint must be dismissed.

**Plaintiff's Securitization/Breach of Pooling Service Agreement Theories**

What the court is able to glean from plaintiff's allegations is this: he seems to contend that because the subject loan was securitized, defendants are not the proper beneficiaries of the securitized trust and have no authority to foreclose or to enforce any rights or interests in the subject property. A bank, however, does not invalidate its ability to enforce the terms of a deed of trust if the loan is assigned to a trust pool; and courts have rejected the theory that securitization undermines a lender's ability to foreclose on property. See McGough v. Wells Fargo Bank, N.A., No. C12-00050 TEH, 2012 WL 2277931 at *4 (N.D. Cal., June 18, 2012) (citing cases); see also Sami v. Wells Fargo Bank, No. C12-00108 DMR, 2012 WL 967051 at *5 (N.D. Cal., Mar. 21, 2012) (same).

Plaintiff further alleges that the securitization is invalid and that defendants have no rights with respect to the Property because they somehow did not comply with the terms of their Pooling and Service Agreement (PSA). (Complaint ¶¶ 91-98). However, he does not allege facts

4

establishing his standing to pursue a claim for breach of that agreement; and, courts have held that homeowners do not have standing to pursue such claims because they are not parties or intended beneficiaries to that agreement. Jenkins v. JPMorgan Chase Bank, N.A., 216 Cal. App.4th 497, 515 (2013) ("As an unrelated third party to the alleged securitization, and any other subsequent transfers of the beneficial interest under the promissory note, [plaintiff] lacks standing to enforce any agreements, including the investment trust's pooling and servicing agreement, relating to such transactions."); Kirk v. Wells Fargo Bank, N.A., No. C12-05969 SI, 2013 WL 132519 at *3 (N.D. Cal., Jan. 9, 2013) (collecting cases).

This court is aware of at least one California state court decision in which the court held the contrary. See Glaski v. Bank of America, 218 Cal. App.4th 1079, 1096-98 (2013). Glaski, however, represents the minority view and has been roundly criticized by a number of California state and federal courts. And, "[c]ourts in this District have expressly rejected *Glaski* and adhered to the majority view that individuals who are not parties to a PSA cannot base wrongful foreclosure claims on alleged deficiencies in the securitization process." Miller v. JPMorgan Chase Bank, N.A., No. 5:13-cv-03192-EJD, 2014 WL 3921361 at *4 (N.D. Cal., Aug. 8, 2014) (citing cases); Reyes-Aguilar, 2014 WL 2153792 at *4 (same). Indeed, one court in this district recently observed that, in unpublished decisions, "the Ninth Circuit has twice considered *Glaski*, twice declined to follow it, and twice criticized its reasoning." See Vasquez v. U.S. Bank, N.A., No. 15-cv-02146-DMR, 2015 WL 5158538 at *5 (N.D. Cal., Sept. 2, 2015) (citing In re Davies, 565 Fed.Appx. 630, 633 (9th Cir. 2014) and Hunt v. U.S. Bank, N.A., 593 F.3d Appx. 730, 731 (9th Cir. 2015)). Given the vast weight of California authority to the contrary, this court does not find Glaski persuasive.[6]

Plaintiff also suggests that the securitization process split the deed of trust and the note, thus rendering any subsequent attempt at foreclosure invalid. This theory, too, is unpersuasive.

---

[6] This issue is now before the California Supreme Court. See Yvanova v. New Century Mortgage Corp., 172 Cal. Rptr.3d 104 (2014). Additionally, Glaski's authority apparently is at issue in a separate appeal pending before the Ninth Circuit. See Vasquez v. U.S. Bank, N.A., No. 15-cv-02146-DMR, 2015 WL 5158538 at *5 n.8 (N.D. Cal., Sept. 2, 2015). However, unless and until the California Supreme Court or the Ninth Circuit rule to the contrary, this court continues to follow the majority view.

"It is well established that when a note secured by a mortgage is transferred, 'transfer of the note carries with it the security, without any formal assignment or delivery, or even mention of the latter.' Thus, transfer of the note without the mortgage does not cause the mortgage to become null, nor the note to become unsecured; the mortgage automatically follows the note." Davidson v. Countrywide Home Loans, Inc., No. 09-cv-2694-IEG (JMA), 2010 WL 962712 at *5 (S.D. Cal., Mar. 16, 2010) (citing Carpenter v. Longan, 83 U.S. 271, 275 (1872)); see also Cal. Civ. Code § 2936 ("The assignment of a debt secured by mortgage carries with it the security."); Jackson v. Atlantic Savings of America, No. C13-05755 CW, 2014 WL 4802879 at *7 (N.D. Cal., Sept. 26, 2014) (same); Aquino v. JPMorgan Chase Bank, N.A., No. 12-cv-05548-WHO, 2014 WL 261836 at *2 (N.D. Cal., Jan. 23, 2014) (same).

Accordingly, to the extent plaintiff's claims are based upon his securitization/breach of PSA theories, they must be dismissed. Because the court finds that amendment re those theories would be futile, dismissal is without leave to amend.

**Breach of the Covenant of Good Faith and Fair Dealing**

A claim for breach of the covenant of good faith and fair dealing requires a plaintiff to show the following: "(1) the plaintiff and the defendant entered into a contract; (2) the plaintiff did all or substantially all of the things that the contract required him to do or that he was excused from having to do; (3) all conditions required for the defendant's performance had occurred; (4) the defendant unfairly interfered with the plaintiff's right to receive the benefits of the contract; and (5) the defendant's conduct harmed the plaintiff." Woods v. Google, Inc., 889 F. Supp.2d 1182, 1194 (N.D. Cal. 2012).

Plaintiff's complaint alleges that the covenant of good faith and fair dealing required defendants "to safeguard, protect, or otherwise care for the assets and rights of Plaintiff Morgensen" and "prohibited Defendants from activities interfering with or contrary to the rights of Plaintiff Morgensen." (Complaint ¶ 54). The complaint goes on to allege that by proceeding with foreclosure, "Defendants breached the provisions as contained with BOTH the 'ORIGINAL Promissory Note AND the Deed of Trust." (Id. ¶ 56). However, plaintiff fails to allege facts demonstrating that he had any contractual relationship with Greenwich. Indeed, there is no

6

indication that Greenwich had anything at all to do with the origination of the loan. Nor does the complaint contain sufficiently specific facts identifying how Greenwich breached any alleged contract with plaintiff.

Moreover, even assuming that the complaint did allege facts supporting a viable claim against Greenwich, it appears that plaintiff's claim is barred by the four-year statute of limitations. See Berdux v. Project Time & Cost, Inc., 669 F. Supp.2d 1094, 1106 (N.D. Cal. 2009) (concluding that a claim for breach of the covenant of good faith and fair dealing pertaining to a written contract is governed by a four-year statute of limitations). The complaint alleges that defendants breached the original promissory note and deed of trust "until the Defendants by their acts of collusion recorded the defective Notice of Default and Notice of Trustee Sale." (Complaint ¶ 57). The exhibit appended to the complaint indicate that the first Notice of Default was recorded on February 1, 2008 (Dkt. 1-1 at 17), and more than four years passed between then and the May 4, 2015 filing of the complaint. Although the record indicates that subsequent notices were recorded on April 10, 2008, September 28, 2010, and April 23, 2013, and that a Notice of Trustee Sale was recorded on July 13, 2011 (see id.), plaintiff does not distinguish between these notices in the complaint. Nor does he allege any facts demonstrating that the limitations period should be tolled.[7] The complaint includes a section titled "Newly Discovered Material Information" in which plaintiff states that he "recently learned that the original alleged lender, Defendant DOWNEY SAVINGS AND LOAN ASSOCIATION, FA, while advertising they had money to lend, actually had absolutely no money to lend, as American Law and Jurisprudence forbad [sic] them from lending investors' money, depositors' money, or from a pool of loan money." (Complaint ¶ 19). However, it is not apparent that these allegations have anything to do with any possible tolling of the limitations period for the claim based on alleged breach of the covenant of

---

[7] The doctrine of equitable tolling applies in situations where, despite all due diligence, the party invoking the doctrine is unable to obtain vital information bearing on the existence of the claim, or where he has been induced or tricked by his adversary's misconduct into allowing the deadline to pass. Hensley v. United States, 531 F.3d 1052, 1057-58 (9th Cir. 2008). "The doctrine is not available to avoid the consequences of one's own negligence and does not apply when a late filing is due to claimant's failure to exercise due diligence in preserving his legal rights." Id. at 1058 (citations omitted). Moreover, ignorance of the law, standing alone, is insufficient to plausibly state a basis for tolling. Valdez v. America's Wholesale Lender, No.C09-02778JF, 2009 WL 5114305 *6 (N.D. Cal., Dec. 18, 2009) (Fogel, J.).

good faith and fair dealing.

Greenwich's motion to dismiss this claim is granted---with leave to amend only to the extent that this claim is not based on plaintiff's securitization/breach of PSA theories.

**Forgery and Fraud/Intentional Misrepresentation**

To state a claim for fraud under California law, a plaintiff must allege: (1) a misrepresentation (false representation, concealment, or non-disclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting damage. Lazar v. Super. Ct., 12 Cal.4th 631, 638, 49 Cal. Rptr.2d 377, 909 P.2d 981(1996). The elements of a claim for intentional misrepresentation are the same. See Shum v. Intel Corp., 630 F. Supp.2d 1063, 1072 (N.D. Cal. 2009).

A "party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Allegations of fraud must be stated with "specificity including an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (quoting Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004)). To survive a motion to dismiss, "'allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'" Id. (quoting Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001)).

Plaintiff's fraud claim alleges that the assignment of the deed of trust was made through forged and fraudulent papers signed by an unknown third party. (Complaint ¶ 61). The complaint further alleges that defendants engaged in intentional misrepresentation by "fil[ing] unlawful fraudulent documents signed by unknown employees and not officers which falsely represented" that defendants were the "true beneficiary and/or Trustee." (Id. ¶ 73). Beyond that, and without distinguishing between defendants, the complaint alleges that each defendant was "engaged in an illegal scheme the purpose of which was to execute the alleged loan secured by real property in order to make commissions, kickbacks, illegal undisclosed yield spreads, and undisclosed profits by the sale of instruments arising out of the transaction" and, further, that each defendant falsely

8

represented to plaintiff that they were the true owners of the original promissory note and the deed of trust. (Id. ¶¶ 66, 67).

To the extent these claims are based on plaintiff's securitization/breach of the PSA theories, and for the reasons discussed above, these claims are dismissed without leave to amend.

In any event, the fraud and intentional misrepresentation claims are not sufficiently alleged because the complaint's allegations are highly conclusory and merely lump all defendants together without specifying what each one did and why that conduct was fraudulent. Bell Atlantic Corp., 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."); Iqbal, 129 S. Ct. at 1950 ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss.").

Moreover, even assuming that the complaint did allege facts supporting a viable claim against Greenwich, it appears that plaintiff's claim may be barred by the three-year statute of limitations. Cal. Code Civ. Proc. § 338(d). And, as with claim for breach of the covenant of good faith and fair dealing, the complaint does not allege facts establishing when plaintiff discovered the facts constituting the alleged fraud/misrepresentation or otherwise demonstrating that tolling applies.

Greenwich's motion to dismiss this claim is granted---with leave to amend only to the extent that this claim is not based on plaintiff's securitization/breach of PSA theories.

**Wrongful Foreclosure[8]**

In order to successfully state a claim for wrongful foreclosure, plaintiff must plead that (1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) he was prejudiced or harmed; and (3) he tendered the amount of the secured indebtedness or was excused from tendering. Lona v. Citibank, N.A., 202 Cal.App.4th 89, 104, 134 Cal.Rptr.3d 622 (2011).

Here, the complaint simply alleges: "Defendants are an unknown type of individual(s)

---

[8] The complaint contains a "Fourth Cause of Action to Set Aside a Defective Void and Wrongful Foreclosure." Liberally construed, this appears to be an attempt to plead a claim for wrongful foreclosure.

9

and/or business entity doing business in the State of California. Defendants who are all persons or entities unknown, claiming some type of legal or equitable right, title, estate, lien or interest in the subject private land and house described in this ACTION-AT-LAW adverse to Plaintiff Morgensen's title or any cloud upon his title thereto are individuals and/or unknown business entities doing business in the State of California using its Foreclosure Laws." (Complaint ¶ 75). Plaintiff has failed to allege that a foreclosure took place, much less any facts to support any of the other elements required to be pled. See Zacharias v. U.S. Bank, N.A., No. 14-02186 SC, 2014 WL 4100705 at *4 (N.D. Cal., Aug. 20, 2014) (concluding that the plaintiff failed to state a claim for wrongful foreclosure because she did not allege that a foreclosure sale had taken place) (citing cases).

Greenwich's motion to dismiss this claim is granted---with leave to amend only to the extent that this claim is not based on plaintiff's securitization/breach of PSA theories.

### Declaratory Relief[9]

"To qualify for declaratory relief, [a party] would have to demonstrate its action presented two essential elements: (1) a proper subject of declaratory relief, and (2) an actual controversy involving justiciable questions relating to [the party's] rights or obligations." Reiydelle v. J.P. Morgan Chase Bank, N.A., No. 12-cv-06543-JCS, 2014 WL 2159010 at *8 (N.D. Cal., May 20, 2014) (quotations and citations omitted). "A court has discretion not to issue declaratory relief when its declaration or determination is not necessary or proper at the time under all the circumstances." Id. (quotations and citations omitted).

Insofar as this claim appears to be based on plaintiff's securitization/breach of PSA theories, and for the reasons stated above, the court concludes that this claim must be dismissed without leave to amend. And, in any event, all of plaintiff's claims having been dismissed, plaintiff's claim for declaratory relief must be dismissed. See Preciado v. Wells Fargo Home Mortgage, No. 13-00382 LB, 2013 WL 1899929 at *6 (N.D. Cal., May 7, 2013) ("Because

---

[9] The complaint contains a "Fifth Cause of Action Declaration of Relief to Set Aside a Defectively Void and Wrongful Foreclosure Proceedings." This apparently was intended to be a claim for declaratory relief.

10

[plaintiff] did not state a claim, declaratory relief is not appropriate.").

## ORDER

Based on the foregoing, defendant's motion to dismiss is granted with leave to amend, if plaintiff can do so truthfully and without contradicting the allegations in his prior pleading. Plaintiff is given leave to amend, **except** to the extent any claims are based upon his securitization/breach of PSA theory. As discussed above, insofar as plaintiff's claims are based on those rejected theories, those claims are dismissed without leave to amend. If plaintiff chooses to amend his complaint, his amended pleading shall be filed no later than **February 10, 2016**.

Plaintiff is advised that leave to amend is limited to those claims pled in the original complaint and consistent with the rulings above. **To the extent plaintiff intends to assert new or different claims for relief or add new parties, he must make an appropriate application pursuant to Fed. R. Civ. P. 15. Failure to comply with this order will result in an order striking the pleading and may also result in sanctions**.

The case management conference set for January 26, 2016 is continued to **March 29, 2016, 1:30 p.m.**[10] Related deadlines are adjusted accordingly.

SO ORDERED.

Dated: January 20, 2016

_____
HOWARD R. LLOYD
United States Magistrate Judge

---

[10] Defense counsel's request to appear at the CMC by phone is granted. Counsel shall arrange for appearance via CourtCall.

11

5:15-cv-02000-HRL Notice has been electronically mailed to:

Fredrick Stuart Levin     flevin@buckleysandler.com, docket@buckleysandler.com, tthomas@buckleysandler.com

Henry Joseph Drapalski , III     jdrapalski@buckleysandler.com

5:15-cv-02000-HRL A copy of this order sent by U.S. Mail to:

David Alan Morgensen
c/o 375 Woodland Drive
Scotts Valley, CA 95066